IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHO DAT?, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action |
| | § | |
| NFL PROPERTIES, LLC; NEW | § | 10-CV-1333-CJB-KWR (Lead Case) |
| ORLEANS LOUISIANA SAINTS, | § | |
| L.L.C.; THE SECRETARY OF STATE | § | 2:10-CV-02296-CJB-KWR |
| OF LOUISIANA, THE STATE OF | § | (Applicable Case) |
| LOUISIANA and LIQUID VENTURES | § | |
| INCORPORATED D/B/A | § | |
| FANTHEFIRE.COM, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| NEW ORLEANS LOUISIANA SAINTS | § | Judge Carl Barbier |
| LLC; NFL PROPERTIES LLC; and THE | § | |
| NATIONAL FOOTBALL LEAGUE | § | |
| | § | |
| Counterclaim Plaintiffs, | § | Magistrate Judge Karen Wells Roby |
| | § | |
| v. | § | |
| | § | |
| WHO DAT?, INC., | § | |
| | § | |
| Counterclaim Defendants. | § | |

**OPPOSITION MEMORANDUM TO NFL PROPERTIES, LLC'S, AND NEW ORLEANS LOUISIANA SAINTS, L.L.C.'S, RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff/Counterclaim Defendant, Who Dat?, Inc. (hereinafter "WDI"), responds to

Defendants NFL Properties, LLC (hereinafter "NFLP") and New Orleans Louisiana Saints,

1

L.L.C. (hereinafter the "Saints" and collectively "Defendants"), Motion to Dismiss and, in support thereof, show unto the Court as follows:

## I.     Preliminary Statement

Defendants move this Court to dismiss Counts 2, 5, 6, 9, 12, 13, 14, 15 and 16 of WDI's Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Based on the authority cited herein, and the allegations contained in WDI's Second Amended Complaint filed with a request for leave to file the same, this Court should deny the motion in its entirety.

## II.    Law and Analysis

### A.    Standards for Determining Dismissal Pursuant to Rule 12(b)(6).

When considering dismissal of a plaintiff's claims under Rule 12(b)(6), the court must construe all the factual allegations contained in the complaint in the light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, all facts contained in the complaint must be taken as true. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). This strict standard has been defined by the Fifth Circuit as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *citing* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969). Finally, dismissal under Rule 12(b)(6) is disfavored and rarely granted. *See Lowery*, 117 F.3d at 247.

### B. WDI's Breach of Contract Claim Is Not Time-Barred and It Has Stated a Claim for State Statutory Trademark Infringement.

The basis for Defendants' request for dismissal of WDI's breach of contract claim and its claim for state statutory infringement is factually flawed. Although WDI previously contended that the Saints breached the 1988 Incentives Agreement by failing to file the assignment it executed concerning the "Who Dat" service mark registered by the Saints in the State of Louisiana, WDI has amended its complaint to correct this statement in conformance with the law of the State of Louisiana. Specifically, assignment of a trademark under Louisiana law is governed by section 51:217 of the Louisiana Revised Statutes.

Pursuant to section 51:217, WDI is the rightful owner of the "Who Dat" service mark originally registered by the Saints in the State of Louisiana. As averred by WDI in its original and most recent complaint, the Saints assigned the entirety of its interest in the state registered service mark "Who Dat" to WDI as evidenced by the execution of both the 1988 Incentives Agreement and the Transfer, Assignment & Conveyance document. *See Exhibits J and L of WDI's Second Amended Complaint*. In accordance with section 51:217, execution of the foregoing documents perfects the assignment of the trademark and failing to file the assignment with the Louisiana Secretary of State does not destroy or negate the valid written assignment. *LSA-R.S. 51:217(B)* ("Assignment shall be by instruments in writing duly executed and **may** be recorded with the secretary of state…" *emphasis added*). In accordance with section 51:217, WDI is the owner of the state registered service mark "Who Dat."

#### 1. Breach of Contract Claim is Not Time-Barred.

In light of the foregoing, Defendants argument that WDI's breach of contract claim is time barred is without merit. Defendants' limitations argument is based upon the Saints failure to file the assignment of the state registered mark with the Louisiana Secretary of State.

3

Defendants contend WDI's breach of contract claim accrued as early as September 1988 when the Saints failed to perfect the assignment of the state registered trademark. Under section 51:217, however, the Saints failure to file the assignment with the Louisiana Secretary of State in no way invalidates the assignment of the trademark to WDI as the statute does not require filing or recordation to make the assignment valid. *See LSA-R.S. 51:217(B)*. Accordingly, Defendants argument that WDI's breach of contract claim began to accrue as early as September 1988 is improper.

Furthermore, Defendants reliance on *Pinnacle Pizza Co., Inc. v. Little Ceasar Enter., Inc.*, 598 F.3d 970 (8th Cir. 2010), is disingenuous. *Pinnacle Pizza* is a case involving a breach of contract claim, among others, that was filed in South Dakota and which applied the law of Michigan in determining the contract issue. *See id*. at 975. As Defendants noted in their brief to the Court, in accordance with the Incentives Agreement executed by the parties, WDI's breach of contract claim is governed by the law of the State of Tennessee. *Pinnacle Pizza* does not concern itself with the law of contracts in Tennessee and any reliance on this case by the Defendants is misplaced and should not be considered.

### 2. WDI Has Stated a Claim for State Statutory Trademark Infringement.

As previously discussed, the Saints previously assigned the entirety of its interest in the state registered service mark "WHO DAT" to WDI. In accordance with this assignment and the Saints recognition of WDI's rights in the 1988 Incentives Agreement, WDI is the true and rightful owner of the "WHO DAT" mark previously registered by the Saints. Given that the Defendants have produced and promoted their own products using the "WHO DAT" mark previously assigned by the Saints to WDI, Defendants have infringed upon WDI's state trademark rights thereby entitling WDI to damages for such infringement.

### C. WDI'S Fraud and Negligence Claims Are Not Time-Barred or Legally Insufficient.

Louisiana law recognizes the doctrine of "contra non valentem agree nulla currit praescriptio," which means "no prescription runs against a person unable to bring an action." *Doskey v. Herbert*, 645 So.2d 674, 679 (La.App. 4 Cir. 1994). When applicable, the doctrine provides that a prescriptive period does not begin to run until the date the injured party discovered or should have discovered facts entitling it to bring suit. *See id*. Louisiana courts have recognized four categories of cases where the doctrine may be applicable: (1) where there is some legal cause which prevented the Courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contractor or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *See id*. The latter category is commonly referred to as the "discovery rule" and provides "…that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *See id*. at 680. As long as a plaintiff's ignorance is not willful, negligent or unreasonable, the doctrine may be applied. *See id*.

As more fully explained in WDI's Second Amended Complaint, WDI did not learn of the Saints fraudulent and negligent misrepresentations concerning the Saints failure to file the written assignment concerning the "WHO DAT" state registration until September 2009. *See WDI's Second Amended Complaint* at ¶¶ 51-54. This was discovered after WDI approached the Saints concerning the prospect of jointly working together through a mutual beneficial licensing arrangement concerning use of the trademark similar to the previous 1988 Incentives Agreement.

*See id*.  At first, the Saints did not let on that they were claiming ownership of "WHO DAT" but after a while the Saints and NFLP disclosed that they were taking the position that the Saints owned the state registered mark, a position contrary to the assignment and the Incentives Agreement previously executed by the Saints.  *See id*.  Moreover, WDI more recently learned that the Saints were fraudulently or negligently registering "WHO DAT" in other jurisdictions.  *See id*. at ¶ 55.  Most of those registrations took place after WDI approached the Saints in September of 2009.  *See id*.  Prior to September 2009, WDI had no basis to consider that the Saints and the NFLP were of the position that the Saints owned the trademark, nor was it aware that the Saints and the NFLP had engaged in conduct in contravention to WDI's rights in the trademark by filing a previous opposition and trademark application concerning the trademark.  *See id*. at ¶ 51.  Since the execution of the 1988 Incentives Agreement, WDI continually used its trademark "WHO DAT" on various products and never with any opposition from the Saints or the NFLP concerning their alleged ownership of "WHO DAT."  *See id*. at ¶¶ 46-47.

WDI submits that the foregoing entitles it to the application of the discovery rule with regards to its causes of action for fraud and negligence to the extent that said claims relate to acts committed more than a year before the lawsuit was filed.  WDI did not discover any of the violative conduct undertaken by the Saints and the NFLP until after it approached the Saints about entering another agreement in September 2009.  In accordance with *Doskey*, the discovery rule is applicable and prescription did begin to run on WDI's fraud and negligence claims until September 2009, making WDI's filing of its lawsuit in March 2010 within the prescriptive time period.  *See Doskey*, 645 So.2d at 680.  Thus, the fraud and negligence claims are not time-barred.

**D.     Damages Are Available to WDI under Louisiana's State Trademark Statute.**

Defendants contend that damages are not available to WDI pursuant to Louisiana Revised Statute § 51:219.  This particular statutory provision is entitled "Cancellation" and lists various grounds by which the Secretary of State may cancel a state registered trademark.

Defendants focus on this specific provision is rather disingenuous and the entirety of the statute should be reviewed to determine whether damages are available to WDI.  In so doing, it is evident that WDI is entitled to damages for the Saints fraudulent registration of the state trademark pursuant to Louisiana Revised Statute § 51:221.  This statutory provision provides that any person who fraudulently procures a state trademark in the office of the secretary of state by knowingly making a false representation shall be liable in damages to the party injured.  *See LSA R.S.§ 51:221*.

In light of the Saints assignment of the state trademark "WHO DAT" to WDI, WDI is entitled to damages from the Saints in accordance with Louisiana Revised Statute § 51:221.  After having assigned any and all of its rights in the state trademark "WHO DAT" and intentionally failing to file the assignment with the secretary of state, the Saints renewed the state trademark twice, both times knowingly declaring to the secretary of state that it was the owner when it knew these statements to be false and fraudulent.  Based upon these false and fraudulent representations by the Saints, WDI has suffered damages as a result of the confusion created by the Saints intentional acts entitling it to damages.

**E.     WDI Has Properly Plead Its Product Disparagement Claim.**

The elements of a product disparagement claim consist of the following: (1) publication; (2) with malice; (3) of false allegations concerning the property or product; and (4) the causing of pecuniary harm.  *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990),

*citing Systems Operation v. Scientific Games Development Corp.*, 555 F.2d 1131 (3rd Cir. 1977); Restatement (Second) of Torts, § 623 (A); W. Prosser, *The Law of Torts*, 919-922 (4th Ed. 1971).

WDI has averred in its original and most recent amended complaint sufficient facts to establish the requisite elements it is product disparagement claim. Specifically, WDI has submitted that the Defendants, through Brian McCarthy, publicly stated that the Defendants did not own the trademark "WHO DAT" and that "people can use WHO DAT all they want if it doesn't include NFL and Saints trademarks," and that the trademark belongs to the people of WHO DAT NATION. *See WDI's Second Amended Complaint* at ¶ 56. Given the timing of when these statements were made and the Defendants very recent discussions with WDI concerning the possibility of brokering another deal to use the "WHO DAT" trademark, Defendants knew these statements to be false at the time they were made and maliciously made these statements with the intent that WDI not profit from the use of its trademark. *See id*. at ¶¶ 51-56. WDI suffered damages as a result of the statements issued by the Defendants as it lost the opportunity to enter into agreements with entities like Coca-Cola for use of its trademark. *See id*. at ¶ 58. Additionally, Defendants' statements caused a flooding of the market with unlicensed and infringing merchandise bearing WDI's trademark, essentially precluding WDI from competing in the marketplace and from reaping the profits derived from the sale of unlicensed merchandise to the same consumers that would have purchased licensed merchandise had the unlicensed merchandise not been available. *See id*. at ¶¶ 57-59.

Based on the foregoing, WDI has alleged sufficient facts to sustain its product disparagement claim.

**III.     Prayer**

Wherefore, Premises Considered, Who Dat?, Inc., respectfully requests the Court deny Defendants' Rule (12)(b)(6) Motion to Dismiss with respect to the causes of action addressed herein.

Dated: October 8, 2010                    Respectfully submitted,

/s/Troy A. Glander
JOSEPH S. PIACUN (25211)
THOMAS A. GENNUSA, II (6010)
REID S. UZEEN (31345)
Genussa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006
Telephone: (504) 455-0442
Facsimile:  (504) 455-7565
Email:  jpiacun@gprlawyers.com
And
Ricardo G. Cedillo
Texas State Bar No. 04043600
Troy A. Glander
Texas State Bar No. 00796634
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry
San Antonio, Texas 78212
Telephone:  (210) 822-6666
Facsimile:   (210) 822-1151
Email: rcedillo@lawdcm.com and
tglander@lawdcm.com
Pro Hac Vice Motions Granted

ATTORNEYS FOR PLAINTIFF WHO DAT?, INC.

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, October 8, 2010, I electronically filed the above and foregoing pleading with the clerk of the Court using the ECF System which sent notification of such filing to all counsel of record.

                                            /s/Troy A. Glander
                                            Joseph S. Piacun
                                            Troy A. Glander