UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


WHO DAT YAT CHAT, LLC                       CIVIL ACTION


VERSUS                                      NO: 10-1333


WHO DAT? INC.                               SECTION: J (4)



ORDER AND REASONS

Before the Court is Plaintiff Who Dat Yat Chat, LLC
("WDYC")'s **Motion for Sanctions** (Rec. Doc. 25) and Defendant Who
Dat, Inc. (WDI")'s **Response** (Rec. Doc. 37). Upon review of the
record, the memoranda of counsel, and the applicable law, this
Court now finds, for the reasons set forth below, that
Plaintiff's **Motion for Sanctions (Rec. Doc. 25) is DENIED.**

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

On March 4, 2010, WDI filed a complaint for damages, as well
as declaratory and injunctive relief, for misappropriation of the
"Who Dat" mark  in the Middle District of Louisiana. Who Dat?,
Inc. v. NFL Properties, LLC, et. al., 3:10-CV-154 (M.D. La.)
("NFL Lawsuit"). Several parties were named Defendants, and the
National Football League ("NFL") intervened in the lawsuit.

Subsequently, WDYC brought a declaratory action against WDI
("Yat Chat Lawsuit"). WDYC alleged in its complaint that in March
2007, WDYC received a certificate of good standing from the

1

Secretary of State using the name "Who Dat Yat Chat, LLC."
Plaintiff plans to use this name to open a coffee shop in Violet,
Louisiana in 2011.  On or about March 11, 2010, Plaintiff
received a cease and desist letter from Defendant WDI, advising
Plaintiff that Defendant owned the federal trademark to "Who
Dat?" and all of its derivatives. On March 23, 2010, Plaintiff
WDYC filed a declaratory action against Defendant WDI in Civil
District Court, Parish of Orleans, seeking a declaration that it
be allowed to operate under its state registered name without
facing any risk of a trademark violation. On May 4, 2010,
Defendant removed the Yat Chat Lawsuit from Civil District Court
to the U.S. District Court for the Eastern District of Louisiana.
On May 25, 2010, Defendant filed a motion to transfer the case to
the Middle District and argued that the case should properly be
in the Middle District due to: (1) first to file rule (the NFL
Lawsuit was already pending) and (2) convenience of the parties.
This Court found that there were no compelling circumstances to
warrant a departure from the "first to file" doctrine and, on
June 2, 2010, ordered that the Yat Chat Lawsuit be transferred to
the Middle District.

On June 8, 2010, despite the representations of the parties
that a substantial part of the events or omissions giving rise to
the NFL Lawsuit occurred in the Middle District, the Middle
District Court determined that the NFL Lawsuit had "minimal

connection with this district" and ordered all parties to show cause in writing why this action should not be transferred back to the Eastern District pursuant to 28 U.S.C. § 1404(a). On July 29, 2010, the Middle District signed an order transferring the NFL Lawsuit to the Eastern District. On September 14, 2010, Plaintiff and Defendant signed a "Joint Advisory to the Court of Collateral Proceeding" (Rec. Doc. 24-4), advising the Middle District that the Yat Chat Lawsuit was related to the NFL Lawsuit.

The Court then transferred the Yat Chat lawsuit to the Eastern District. By Order dated September 23, 2010 this Court again noted that the Yat Chat Lawsuit is "related to" the NFL Lawsuit and the two lawsuits were consolidated.

**THE PARTIES' ARGUMENTS:**

Plaintiff WDYC moves the Court for an order sanctioning Defendant WDI for its improper transfer of the Yat Chat lawsuit to the Middle District of Louisiana. Plaintiff alleges that it has suffered delays, court costs, and attorneys' fees as a result of the actions of Defendant WDI in improperly transferring this case to the Middle District and then back again to this court. According to Plaintiff, WDI knew or should have known that it was more convenient and, therefore, proper to pursue this action in the Eastern District. Plaintiff attaches the Middle District's Order of Transfer to show that there are substantial connections

of the case with the Eastern District and only minimal connections with the Middle District. The court's opinion recites many specific ties to the Eastern District and then states that WDI "has failed to allege facts that even remotely reveal similarly specific ties to the Middle District." Accordingly, Plaintiff prays for sanctions against Defendant "for its blatant disregard of the rules of venue which have unnecessarily delayed the proceedings in this court and cost Plaintiff time, court costs, and attorney fees" (Rec. Doc. 25). Plaintiff prays for the reimbursement of its costs and attorney fees with respect to the actions of Defendant.

Conversely, Defendant argues that WDYC's motion is without merit and should be denied. WDI asserts that Plaintiff does not cite any rule of venue that was disregarded. Defendant alleges that nobody contested whether venue for the NFL Lawsuit was proper in the Middle District. To the contrary, all the parties represented that a substantial part of the events or omissions giving rise to the action occurred in the Middle District. According to Defendant, the Middle District did not find that venue there was not proper. Rather, it found, on its own motion, that venue was also proper in the Eastern District and decided, on its own motion, to transfer the case to the Eastern District. After the venue transfer, WDI was required by LR 3.1 to file the Notice of Collateral Proceeding in the Yat Chat Lawsuit. The

Court then consolidated the two matters in the Eastern District. According to Defendant WDI, Plaintiff essentially argues that the Court was wrong to follow the law and as a result WDI should be sanctioned. WDI contends that this argument is not supported by any legal authority because it is entirely without merit.

**DISCUSSION:**

Having reviewed the somewhat unusual procedural posture for the Yat Chat Lawsuit, the Court concludes that imposition of sanctions is not warranted. WDI selected the Middle District of Louisiana as the forum for their lawsuit in reasonable belief that venue in the Middle District was proper because a substantial part of events or omissions giving rise to the action occurred in the Middle District. 28 U.S.C. § 1391(b). Once WDYC filed the lawsuit and after its removal to the Eastern District, the Yat Chat Lawsuit was properly consolidated with the NFL Lawsuit, pending in the Middle District at that time. Movant alleges that WDI knew or should have known that it was more convenient and, therefore, proper to pursue this action in the Eastern District. Although venue was also proper in the Middle District, the United States District Court for the Middle District of Louisiana found that the Eastern District is a more appropriate forum. On these facts, the Court cannot conclude that Defendant blatantly disregarded the rules of venue. Consequently, sanctions under Rule 11 should not be imposed.

For the foregoing reasons, Plaintiff's **Motion for Sanctions (Rec. Doc. 25)** is **DENIED**.

New Orleans, Louisiana this 20th day of October, 2010.

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE

6