UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHO DAT YAT CHAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1333**<br>**C/W 10-2296** |
| **WHO DAT, INC.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion to Compel Discovery and for Sanctions (R. Doc. 113)**, filed by Defendants/Counterclaim Plaintiffs, NFL Properties, LLC and New Orleans Louisiana Saints, LLC (collectively, the "NFL Parties"), seeking an Order compelling Plaintiff/Counterclaim Defendant Who Dat?, Inc. to produce documents responsive to the NFL Parties' document requests, and to supplement its responses to the NFL Parties' interrogatories. The NFL Parties also seeks an Order awarding sanctions in the form of the attorneys' fees and costs incurred in bringing this motion. The motion is unopposed. The motion was heard by oral argument on Wednesday, August 24, 2011.

**I.      Factual and Procedural Background**

Plaintiff, Who Dat Yat Chat, LLC, ("Who Dat Yat Chat") is a limited liability company, established in Louisiana in 2007. (R. Doc. 12-2, p. 1.)  Defendant, Who Dat?, Inc., LLC ("Who Dat?, Inc.") is a New Orleans, Louisiana company owned by brothers Sal and Steve Monistere. (No.

10-2296, R. Doc. 85, ¶ 1.)[1]  On March 11, 2010, while making plans to open a coffee shop in Violet, Louisiana named "Who Dat Yat Chat." , Who Dat Yat Chat received notice from Who Dat?, Inc. stating that Who Dat?, Inc. was the sole owner of the phrase "Who Dat" and all derivations thereof. (R. Doc. 12-2, p. 1.)  Who Dat?, Inc. contends that they have owned and used the "Who Dat" trademark, and various deviations thereof, since 1983.  (No. 10-2296, R. Doc. 85, ¶ II. 6.)

In response, Who Dat Yat Chat argues that the term "Who Dat" is a generic term that is commonly used in the New Orleans metropolitan area and cannot be owned by anyone.  (R. Doc. 12-2, p. 2.)  Who Dat Yat Chat further contends that the phrase "Who Dat" is generic and that it has the right to use the phrase "Who Dat Yat Chat" in connection with the naming of its coffee shop.  (R. Doc. 12-2, p. 2.)  Thus, Who Dat Yat Chat filed a petition for declaratory judgment against Who Dat?, Inc. in the Civil District Court for the Parish of Orleans, seeking an order declaring that no one owns the phrase "Who Dat" and that Who Dat Yat Chat is allowed to use the phrase "Who Dat Yat Chat" in connection with the naming of its coffee shop.  (R. Doc. 12-2, p. 2.)

On September 17, 2010, the case was transferred to the U.S. District Court for the Eastern District of Louisiana.  (R. Doc. 24.)  On September 23, 2010, the case was consolidated with *Who Dat?, Inc. v. NFL Properties, LLC, et. al*, No. 10-2296 (E.D. La. 2010).  (R. Doc. 26.)

On October 1, 2010, the NFL Parties served their First Set of Interrogatories, First Requests for Admission, and First Request for Production of Documents on Who Dat?, Inc.  (R. Doc. 113-1, p.2.)  After receiving Who Dat?, Inc.'s initial written responses and document production in November 24, 2010, and Who Dat?, Inc.'s supplemental production on December 8, 2010, February

---

[1]Who Dat?, Inc. originally filed suit as the plaintiff in the case, *Who Dat?, Inc. v. NFL Properties, LLC, et. al*, No. 10-2296 (E.D. La. 2010).  Subsequently, the action was consolidated with *Who Dat Yat Chat, LLC v. Who Dat?, Inc.,* No. 10-1333 (E.D. La. 2010) in which Who Dat?, Inc., is a defendant.

2, 2011, and February 10, 2011, counsel for NFL Parties sent counsel for Who Dat?, Inc. a detailed deficiency letter, outlining the inadequacy of Who Dat?, Inc.'s responses to date, and requested a telephone conference to discuss outstanding discovery issues. (R. Doc. 113-1, p. 2.) The parties discussed Who Dat?, Inc.'s discovery deficiencies via telephone conference on March 24, 2011. (R. Doc. 113-1, p. 2.)

On April 13, 2011, Who Dat?, Inc. served its Supplemental and Amended Responses to the NFL Parties' First Request for Production of Documents and its Amended Responses to the NFL Parties' First Requests for Admission, along with a supplemental document production. (R. Doc. 113-1, p. 3.) Who Dat?, Inc. served another supplemental document production on April 19, 2011. (R. Doc. 113-1, p. 3.)

After receiving and reviewing that supplementation, counsel for the NFL Parties initiated another telephone conference with counsel for Who Dat?, Inc. regarding alleged continuing deficiencies in Who Dat?, Inc.'s responses to discovery. (R. Doc. 113-1, p. 3.) The next day, Who Dat?, Inc. served its Supplemental Answers and Objections to the NFL Parties' First Set of Interrogatories. (R. Doc. 113-1, p. 3.)

As to the instant motion, NFL Parties, seek an order compelling Who Dat?, Inc. to either: (a) immediately amend or supplement its responses (and production) to the NFL Parties' First Set of Interrogatories and First Request for Production of Documents, with all responsive information and documents within Who Dat?, Inc.'s possession, custody, or control, as set forth more fully in the accompanying memorandum of law; or (b) state specifically that the pertinent documents or information do not exist or that it has completed its production as to those specific requests. (R. Doc. 113, p. 1.) NFL Parties argues that Who Dat?, Inc.'s discovery responses are deficient, and

that of the nearly forty (40) written responses by Who Dat?, Inc., only five of those responses have actually been supplemented. (R. Doc. 113, p. 3.)

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R.Civ.P. 37(a)(4). "Furthermore, a party is not excused from a failure to fully respond to a document production request merely because it does not possess the responsive requested materials. . . . Rather, a party's duty to fully answer implies a duty to make reasonable efforts to obtain the information requested. *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-01201, 2008 U.S. Dist. LEXIS 47712, at *6-7, 2008 WL 2522087, at *3 (E.D. La. June 20, 2008) (internal citation omitted).

Federal Rule of Civil Procedure 37 also requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III.   Analysis

#### A.   The Parties Stipulation

During the hearing, the parties indicated that issues involving **Interrogatory Number 3** and **Request for Production Number 13** had been resolved via a stipulation between the parties, in which Who Dat?, Inc. agreed to amend or supplement its written responses and production to the

NFL Parties' by August 29, 2011.[2]  Counsel for both parties agreed to the stipulation on the record. Mot. Hr'g Tr. 5:19-25 and 6:1-2, August 24, 2011, R. Doc. 117.  Thus, all issues related **Interrogatory Number 3** and **Request for Production Number 13** are moot.

### B. Duty to Supplement Responses

NFL Parties contends that approximately forty (40) of Who Dat?, Inc.'s written responses to NFL Parties' interrogatories and request for production of documents state that Who Dat?, Inc. "will supplement."  However, only five (5) of the forty (40) responses - responses to Requests for Production Numbers 5, 37, 73, 75, and 76 - have actually been supplemented.  Additionally, Who Dat?, Inc. has not provided an explanation for its failure to supplement its responses.  Thus, NFL Parties contends Who Dat?, Inc. should be compelled to provide the indicated supplementation or state specifically that the pertinent documents or information do not exist or that it has completed its production as to those specific requests.

---

[2] The following stipulation was read into the record:
  Whereas on August 24th, 2011 the Court heard Defendant/Counter Claim Plaintiffs NFL Properties, LLC and New Orleans Louisiana Saints, LLC, collectively the NFL parties, Motion to Compel Plaintiff/Counter Claim Defendant Who Dat, Inc. to amend or supplement its responses and production to the NFL parties' first set of interrogatories and first request for production of documents, including specifically first Interrogatory Number 3 and first Request for Production Number 13, which requests WDI and its licensees gross revenues from 1983 to the present for the sale of goods and services bearing the Who Dat mark or any Dat, D-A-T, variation.
  Whereas the parties have stipulated and agreed to the following: It is hereby stipulated and agreed to bind between the parties hereto:
  WDI acknowledges that it has produced all documents and information in its possession, custody and control reflecting the gross revenues from 1983 to present of WDI and its licensees for the sale of goods and services bearing the Who Dat mark or any Dat variation, or will do so by August 29th, 2011.
  WDI, who is Who Dat, Incorporated, agrees that it will not refer to or seek to introduce at trial of this matter any documents or information reflecting the gross revenues of WDI and its licensees from 1983 to August 29, 2011 for the sale of goods and services bearing the Who Dat mark or any Dat variation other than the information in documents that WDI and its licensees have produced through August 29th, 2011.
  Nothing herein shall prevent WDI from referring to or seeking to introduce at the trial of this matter any documents or information reflecting the gross revenue of WDI and its licensees from August 30th, 2011 through the date of trial for the sale of goods and services bearing the Who Dat mark or any Dat variation.
  The parties shall work in good faith to determine the amount of gross revenues of WDI and its licensees from 1983 to August 29, 2011 and shall submit a further stipulation to the Court as to that amount by no later than October 24th, 2011.

During the hearing, counsel for Who Dat?, Inc. conceded that Who Dat?, Inc. agreed to supplement its discovery responses, stating, "I know that we have stated that we will supplement evidence to the extent that we find evidence responsive to their requests, and we continue to look . . ."[3] Mot. Hr'g Tr. 15:25-16:2, August 24, 2011, R. Doc. 117. When asked by the Court if it was fair for the Court to conclude that the principals and attorneys of Who Dat?, Inc. have been diligently working on the discovery responses at issue, counsel for Who Dat?, Inc. replied, "[y]es, your honor." Mot. Hr'g Tr. 16:18-21, August 24, 2011, R. Doc. 117.

During the hearing, counsel for NFL Parties requested that Who Dat?, Inc. provide the indicated supplementation or state specifically that the pertinent documents or information do not exist or that it has completed its production as to those specific requests by August 29, 2011. Counsel for Who Dat?, Inc. agreed to this date, and stated, "[i]f there's something outstanding, we'll produce it." Mot. Hr'g Tr. 28:11, August 24, 2011, R. Doc. 117.

As such, the Court ordered Who Dat?, Inc. to provide supplemental responses to NFL Parties' **Request for Production Numbers 5; 6; 8, 10-22; 27-29; 32-34; 36-37; 44; 46-49; 53; 55; 60; 70; 72-73; 75-76; 83; and 85** by **August 29, 2011**. Mot. Hr'g Tr. 16:22-24 and 27:4-5, August 24, 2011, R. Doc. 117.

    **C.**    **Electronic Discovery**

During the hearing, counsel for NFL Parties stated that based on the document production it received from certain Who Dat?, Inc. licensees, Who Dat?, Inc. had failed to produce a substantial number of e-mails and other documents maintained in electronic form evidencing its

---

[3] When asked by the Court who "we" meant, counsel for Who Dat?, Inc. stated, "[t]he principals and the attorneys." Mot. Hr'g Tr. 16:4-6, August 24, 2011, R. Doc. 117.

communications to and from its licensees and other third parties. Mot. Hr'g Tr. 32:10-20, August 24, 2011, R. Doc. 117. Counsel for NFL Parties also indicated that they had requested all e-mail and electronic documents within Who Dat?, Inc.'s possession, custody or control responsive to NFL Parties' written discovery requests, including **Request for Production Numbers 3 and 4**. Mot. Hr'g Tr. 32:23-33:1, August 24, 2011, R. Doc. 117.

In response, counsel for Who Dat?, Inc. stated, "I've seen some e-mail documents that have been produced . . . As far as I know. I don't know if they're complete. Counsel may be assuming that we have things that we're withholding, I don't know." Mot. Hr'g Tr. 30:18-23, August 24, 2011, R. Doc. 117. Counsel for Who Dat?, Inc. further stated, "Again, counsel found some e-mails from the licensee and assumes that we have additional e-mails. Again, maybe we do, I'll check. I've been informed that we've produced. . ." Mot. Hr'g Tr. 34:19-22, August 24, 2011, R. Doc. 117. Counsel for Who Dat, Inc. further explained that Who Dat, Inc. is a small business with two principals and no employees, and likely no IT provider. Mot. Hr'g Tr. 35:2-6 and 36:8-9, August 24, 2011, R. Doc. 117.

As such, the Court ordered Who Dat?, Inc. to provide the Court with a written certification from an IT specialist by the following week as to the efforts the IT specialist made to identify and extract responsive e-mails and electronic documents from Who Dat?, Inc.'s computers. Mot. Hr'g Tr. 36:4-7, August 24, 2011, R. Doc. 117. The Court also ordered Who Dat, Inc. to provide it with a written certification by the following week as to efforts it made to identify and extract responsive e-mails and electronic documents from its computers, and what information and/or documents it identified and extracted thus far. Mot. Hr'g Tr. 37:15-23, August 24, 2011, R. Doc. 117.

D.     **Attorney's Fees**

NFL Parties seeks to recover attorney's fees and costs in connection with this motion. Rule 37(a)(5) provides that when a discovery motion is granted the court shall award reasonable expenses, including attorney's fees, to the prevailing party. Fed.R.Civ.P. 37(a)(5)(A). Here, NFL Parties attempted in good faith to the discovery without Court action. Despite, NFL Parties' repeated attempts, Who Dat?, Inc. failed to act in good faith by amending or supplementing its responses and production with all responsive information and documents within its possession, custody, or control, or state that the responsive information or documents do not exist, or that it has completed its responses and production. Thus, NFL Parties are awarded reasonable expenses, including attorney's fees, incurred in connection with this motion.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion to Compel Discovery and for Sanctions (R. Doc. 113)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Who Dat?, Inc. shall provide supplemental responses the following interrogatories and requests for production **no later than Monday, August 29, 2011**: **Request for Production Numbers 5, 6, 8, 10-22, 27-29, 32-34, 36-37, 44, 46-49, 53, 55, 60, 70, 72-73, 75-76, 83, and 85**. Where Who Dat?, Inc. has provided all of the information or documents available to it in response to a request, Who Dat?, Inc. shall state that the responsive information

or documents do not exist or that it has provided all information or documents responsive to the request**.**

**IT IS FURTHER ORDERED** that Who Dat?, Inc.'s supplemental document production shall be updated, bate stamped, and correlated.

**IT IS FURTHER ORDERED** that Who Dat?, Inc.'s supplemental written responses and document production shall be sent to Who Dat?, Inc.'s local counsel, who will then forward Who Dat?, Inc.'s supplemental written responses and document production to counsel for NFL Parties.

**IT IS FURTHER ORDERED** that Who Dat?,Inc. shall provide the Court with a written certification from an IT specialist **no later than Friday, September 2, 2011** regarding the efforts the IT specialist has made to identify and extract responsive e-mails and electronic documents from Who Dat?, Inc.'s computers.

**IT IS FURTHER ORDERED** that Who Dat, Inc. shall provide the Court with a written certification **no later than Friday, September 2, 2011** regarding the efforts it has made to identify and extract responsive e-mails and electronic documents from its computers, and what information and/or documents it has identified and extracted thus far.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), are hereby awarded against Who Dat?, Inc.

**IT IS FURTHER ORDERED** that NFL Parties shall file a motion to fix attorney's fees into the record by **Friday, September 23, 2011**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar

cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2  Any opposition to the fee application shall be filed no later than **Friday, September 30, 2011**.  NFL Parties shall notice the motion to fix attorney's fees for hearing on **Wednesday, October 12, 2011**, and the motion shall be heard on that date **without oral argument**.

        New Orleans, Louisiana, this 9th day of September 2011.

        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**