UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHO DAT YAT CHAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1333**<br>**C/W 10-2296** |
| **WHO DAT, INC.** | **SECTION: "J" (4)** |

<u>**ORDER**</u>

Before the Court is **Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion for Contempt and Sanctions (R. Doc. 118)**, filed by Defendants/Counterclaim Plaintiffs, NFL Properties, LLC and New Orleans Louisiana Saints, LLC (collectively, the "NFL"), seeking an order finding Plaintiff/Counterclaim Defendant Who Dat, Inc. ("WDI") in contempt of court and sanctioning WDI as a result of its failure to comply with the Court's Order (R. Doc. 120.)  The motion is opposed.  (R. Doc. 124.)  The motion was heard with oral argument on Wednesday, September 28, 2011.

**I.**   <u>**Factual and Procedural Background**</u>

Plaintiff, Who Dat Yat Chat, LLC ("Who Dat Yat Chat"), filed this lawsuit seeking a declaratory judgment for its Lanham Act claim ( Title 15 U.S.C. §1501 *et seq.*), in which it alleges that no one owns the phrase "Who Dat"; that the mark is generic; and that it is entitled to use the phrase "Who Dat Yat Chat" in connection with a coffee shop it intended to open in 2011.  (R. Doc. 1-1, ¶¶ 6, 8-9, *Petition for Declaratory Judgment*.)

The petition was filed in response to a cease and desist letter Who Dat Yat Chat received from WDI on or about March 11, 2010, which advised it that WDI was the owner of United States Federal Trademark Registration No. 2890070 and that WDI was the sole owner of the phrase "Who Dat" and all derivations thereof.  (R. Doc. 1-1, ¶ 3, *Petition for Declaratory Judgment*.)  WDI contends that they have owned and used the "Who Dat" trademark, and various deviations thereof, since 1983.  (Civ. Action No. 10-2296, R. Doc. 85, ¶ II. 6.)

On October 1, 2010, the NFL served their First Set of Interrogatories, First Requests for Admission, and First Request for Production of Documents on WDI, which were responded to and supplemented on five separate occasions before this matter was presented to the Court for consideration.[1]

On Wednesday, August 24, 2011, the Court heard the NFL's Motion to Compel Discovery and for Sanctions (R. Doc. 113), in which the NFL alleged that responses to its discovery by WDI remained insufficient.  The Court set a deadline of August 29, 2011 for the supplementation of the outstanding responses, and for WDI to submit written certification of the efforts it made to secure and produce electronically stored data.  (R. Docs. 117 and 120.)

The NFL contends that WDI failed to comply with the Court's oral Order because it failed to (1) supplement the remaining requests; and (2) provided an untimely certification.  As a result of WDI's noncompliance, the NFL requests the Court: (1) dismiss the affirmative defenses asserted by WDI; (2) order WDI to engage a qualified IT provider to extract from its computers electronic information responsive to the NFL's discovery requests; (3) order that all responsive documents identified through the electronic search be produced to the NFL by a date certain; and (4) award the

---

[1]The supplementation dates were December 8, 2010, February 2, 2011, February 10, 2011, April 13, 2011 and April 19, 2011.

NFL their attorneys' fees and costs incurred in bringing their motion to compel and the instant motion for contempt and sanctions.  WDI opposes the motion.  (R. Doc. 124.)

**II.**     **Standard of Review**

  **A.**     **Contempt**

Pursuant to Fed.R.Civ.P 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery.  Fed.R.Civ.P 37(b)(2)(A)(vii).  Specifically, Fed.R.Civ.P 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Civil contempt vindicates the rights of aggrieved persons under valid court orders.  *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (W.D. La. 1976).  It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order.  *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).  A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order.  *Id.* (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).  However, civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct.  *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir. 1987).  Nonetheless, the court must exercise its power with discretion, and some courts have held that the power should be used sparingly.  *Richland Parish*, 421 F.Supp. at 975.

### B.    Sanctions

Federal Rule of Civil Procedure 37 authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders.  *Chilcutt v. U.S.*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993).  A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited."  *Id.*

Fed.R.Civ.P 37(b)(2)(A) provides:

If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust."
Fed.R.Civ.P. 37(b)(2)(C); *see also* Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1).

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir.1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

## III.   Analysis

The NFL argues that WDI willfully ignored the Court's Order of August 24, 2011 which required it to (1) supplement its responses to the NFL's Request for Production Nos. 5, 6, 8, 10-22, 27-29, 32-34, 36-37, 44, 46-49, 53, 55, 60, 70, 72-73, 75-76, 83 and 85; and (2) provide a written certification by September 2, 2011 of the steps its counsel under took to identify and produce electronic discovery responsive to the outstanding request for production. The NFL contends that WDI unilaterally established a later response deadline, without Court approval, which it also failed to meet. Therefore, the NFL contends that a finding of contempt and an award of sanctions are appropriate, given WDI's willful failure to comply with the Court's Order.

WDI contends that it did not willfully or in bad faith refuse to comply with any Order of the Court requiring it to undertake any action by August 29, 2011. It concedes that as a result of the hearing, its counsel understood that he was obligated to supplement WDI's discovery responses and also engage an IT Specialist to conduct a computer forensic examination of WDI's computers. It contends, however, that while the Court issued an oral order, it was waiting on the Court's written

5

order to fulfill its obligation, even though the deadline was rapidly approaching.  In the meantime, WDI indicates that its counsel continued this process, and on August 31, 2011, informed counsel for the NFL of its progress, but received no objection from counsel for the NFL, despite the fact the deadline had expired.

The record shows that while the Court issued an Order setting the supplemental production deadline for August 29, 2011, WDI's supplemental production was not forwarded by WDI until September 7, 2011, some nine (9) days after the deadline.  Further, WDI did not seek clarification from the Court during the pendency of the issuance of its written order whether a delay in its issuance had any effect on the Court's oral order.  Additionally, WDI did not seek an extension of time to complete its efforts of compiling the responsive documents or supplementing its formal responses to discovery.  The glaring problem with this discovery saga is that WDI has been supplementing discovery since 2010, and this would be its seventh attempt at fulfilling its discovery obligation.

During the hearing counsel for WDI acknowledged his obligation, but indicated that he may have been confused by the issuance of an oral order with a written to order to follow.  He indicated that he was waiting on counsel for the NFL to agree to search terms that would allow WDI to proceed with producing responsive electronic information.  Counsel for WDI was thereafter questioned by the Court regarding the plan of action to secure the search terms.  Counsel's response was largely general in nature and clearly suggestive of no urgency in finalizing the issue.  The Court, in finding no good cause for WDI's noncompliance finds that WDI is in contempt of its order of August 24, 2011.

**B.    Sanctions**

Having determined that WDI's noncompliance is without good cause, the Court must now consider which sanctions are appropriate under the circumstances. The NFL sets forth a series of alternative sanctions for the Court to consider; namely it seeks a (1) dismissal of the affirmative defenses asserted by WDI in its supplemental responses (specifically, WDI Affirmative Defense Nos. 2, 3, 4, 5, 9, 11 and 16); (2) order Who Dat to engage a qualified IT provider to extract, from its computers electronic information responsive to the NFL's discovery requests; (3) order that all responsive documents identified through the electronic search be produced to the NFL by a date certain; and (4) award the NFL their attorneys' fees and costs incurred in bringing their motion to compel and the instant motion for contempt and sanctions.

WDI failed to address the issue of what sanctions are appropriate under the circumstances. It simply argued that its conduct, although untimely, was not so egregious as to warrant a sanction.

Having determined otherwise, the Court first notes that it previously awarded the NFL attorney's fees in connection with its motion to compel which renders this request moot. (R. Doc. 120.) Second, given the delays in this case and WDI counsel's inability to adequately explain away his actions and produce the requested documents and supplementation by the deadline, the Court finds that an award of attorneys fees in connection with the subject motion is appropriate.

Third, during the hearing counsel for the NFL also stated that the documents produced by WDI were not Bates stamped or correlated to the NFL's written discovery requests, as required by the Court's order. (R. Doc. 125.) The NFL also stated that WDI failed to include in its supplementation that (1) the responsive information or documents do not exist; or (2) it has provided all information or documents responsive to the request. (R. Doc. 125.) Therefore, WDI is required to comply with the Court's Bates stamp and correlation requirement, and where it has provided all

of the information or documents available to it in response to a request state (1) that the responsive information or documents do not exist; or (2) that it has provided all information or documents responsive to the request. These requirements must be complied with no later than October 20, 2011.

Fourth, regarding the retention of an IT specialist, the Court notes that this request is moot as a specialist has been retained. According to counsel for WDI, the IT specialist is currently waiting on counsel for both parties to provide him with search terms. Therefore, counsel for both parties are required to meet in person to agree on the search terms, and transmit such terms to the IT specialist by October 15, 2011.

Finally, the NFL requests that the court strike the affirmative defenses asserted by WDI in its answer, where WDI failed to provide timely supplemental responses. This request seems to attempt to draw a correlation between WDI's discovery responses and targeted affirmative defenses. However, the NFL has filed to adequately address the correlation.

The Federal Rules of Civil Procedure authorize the Court to strike plaintiff's affirmative defenses, however the Court finds that such a request for relief is not warranted. Such a measure is extreme and is generally not the first course of action a court takes to sanction a party. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1148–49, 1153 (3d Cir.1990) (holding that the district court did not abuse its discretion by striking defendants' answer and counterclaim for failing to respond to plaintiff's interrogatories and for committing other discovery violations where defendants had been personally sanctioned for their discovery misconduct). The imposition of this sanction would leave WDI without a defense. Despite WDI's dilatory conduct, this Court is not prepared to deny it a means of defending itself, particularly when other sanctions are available.

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's **Motion for Contempt and Sanctions (R. Doc. 118)** is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that counsel for Who Dat, Inc. and the NFL Properties LLC and New Orleans Louisiana Saints, LLC **shall meet in person** and agree on search terms for the identification of emails and electronic documents by an IT specialist **no later than October 15, 2011**.

**IT IS FURTHER ORDERED** that Who Dat, Inc. shall Bates stamp its supplemental production, correlate each document with a specific interrogatory or request for production, and provide the Bate's stamped, correlated supplemental production to NFL Properties LLC and New Orleans Louisiana Saints, LLC.  Where WDI has provided all of the information or documents available to it in response to a request WDI shall state (1) that the responsive information or documents do not exist; or (2) that it has provided all information or documents responsive to the request.  These requirements must be complied with **no later than October 20, 2011**.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), are hereby awarded against Who Dat?, Inc. for reasonable expenses, including attorney's fees, associated with NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion for Contempt and Sanctions (R. Doc. 118).

**IT IS FURTHER ORDERED** that counsel for NFL Properties LLC and New Orleans Louisiana Saints, LLC shall file a motion to fix attorney's fees into the record by **Wednesday,**

**October 12, 2011**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2  Any opposition to the fee application shall be filed no later than **Wednesday, October 19, 2011**.  NFL Properties LLC and New Orleans Louisiana Saints, LLC shall notice the motion to fix attorney's fees for hearing on **Wednesday, October 26, 2011**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 30th day of September 2011.


**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**