UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHO DAT YAT CHAT, LLC, | § | Civil Action No. 10-CV-1333 |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | Civil Action No. 2:10-CV-02296 |
| versus | § | (Applicable Case) |
| | § | |
| | § | Judge Carl Barbier |
| WHO DAT?, INC. | § | |
| | § | Magistrate Judge Karen Wells Roby |
| Defendant. | § | |
| | § | SECTION "J" |

**OPPOSITION MEMORANDUM TO NFL PROPERTIES, LLC'S, AND NEW ORLEANS LOUISIANA SAINTS, L.L.C.'S, MOTION TO FIX ATTORNEYS' FEES**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff/Counterclaim Defendant, Who Dat?, Inc. (hereinafter "WDI"), responds to Defendants NFL Properties, LLC (hereinafter "NFLP") and New Orleans Louisiana Saints, L.L.C. (hereinafter the "Saints" and collectively "Defendants"), Motion to Fix Attorneys' Fees and, in support thereof, show unto the Court as follows:

**I.    Defendants Should Not Be Awarded Fees Under Rule 37.**

   **A.    Rule 37.**

Rule 37(a)(5)(A) governs the award of reasonable attorney's for bringing a motion to compel and provides for the awarding of such fees, "…unless the motion to compel discovery was unjustified or other circumstances make the award unjust." *Giardina v. Lockheed Martin*

1

*Corporation*, 2003 WL 1903296, at *2 (E.D. La. April 15, 2003) (Roby, J.). The rule specifically provides:

> If the motion is granted—or if disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV.P. 37(a)(5)(A).

### B. Defendants Did Not Confer In Good Faith.

In Defendants' motion to compel, they sought the production of additional documents to certain requests for production or a statement from WDI that it did not have any other documents to produce. Defendants' maintained that WDI had not provided any explanation for its failure to supplement as promised during telephone conferences amongst counsel concerning the discovery issues. Defendants ignore the fact, however, that counsel for WDI communicated on multiple occasions that WDI did not have any additional documents responsive to Defendants' requests and had supplemented its responses to requests for production accordingly. Specifically, WDI supplemented its responses to Defendants' requests for production and produced additional documents in its possession which were responsive to the following requests: 5; 6; 27; 28; 29; 35; 37; 73; 75; 76; and 83. *See Exhibit A*. Additionally, WDI amended its responses to requests for production numbers 10, 11, and 12 to indicate that it had no responsive documents. *Id*. Finally, WDI maintained its original response to request numbers 46 thru 49, 53, 55 and 60, which referred Defendants to documents that were produced and also indicated that WDI would

2

supplement, if necessary, should it locate additional documents; WDI recently amended these responses only by removing the "will supplement, if necessary" language as it does not have any additional documents to produce which are responsive to these requests aside from the ones originally identified. *Id*. With such supplementation and amendments, WDI addressed these requests early on and provided Defendants what it had in its possession and additional communication with the Defendants advised them that there was nothing more that WDI had to produce in response to these requests. Thus, the foregoing requests were the improper subject of Defendants' motion to compel.

Concerning Defendants' complaint that certain of WDI's "overly broad" objections were improper and not specific, such was the subject of a telephone conference amongst the parties prior to WDI's first supplementation/amendment of it responses to the Defendants' requests for production. In that telephone conference, counsel for WDI agreed to drop some of the objections and such was done as promised. After such was completed, Defendants' never again raised this issue indicating that what action was taken by WDI in its first supplemental responses was still at issue until they filed their motion to compel.

In the same manner, Defendants complained in their motion to compel about WDI's response that it "does not maintain books and records dating back to 1983 and much of its records were lost and/or destroyed as a result of Hurricane Katrina." Defendants complained this was an improper objection when, in reality, it was not an objection at all. This was a statement by WDI that clearly communicated that much of its records were lost and/or destroyed as a result of the storm and it was therefore, unable to produce documents that were no longer in its possession. It was not, as Defendants maintain, offered as an excuse for any incomplete discovery responses. WDI would thus submit that Defendants complaints concerning the

3

foregoing objections and assertions of no documents were also an improper subject of their motion to compel.

For the foregoing reasons, Defendants cannot said to have conferred in good faith concerning WDI's first supplemental and amended responses to Defendants' first set of requests for production and therefore, attorneys' fees should not be awarded.

## II.    Should Fees Be Awarded, The Amount Requested By Defendants Is Excessive.

### A.    Lodestar Method For Determining Attorney's Fees.

The "lodestar" method is used to determine an award of attorney's fees. *Canon U.S.A., Inc. v. S.A.M., Inc.*, 2009 WL 35334, *1 (E.D. La. Jan. 6, 2009) (Roby, J.). The lodestar is equivalent to "the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Id.* Once the lodestar is calculated, the court then considers application and weight of the twelve *Johnson* factors to determine if the lodestar should be adjusted upward or downward. *Id.*

### B.    Defendants Expended An Excessive Amount Of Hours On The Motion To Compel.

Defendants seek the recovery of $18,410.00 in attorneys' fees for work they contend is related to the preparation of their motion to compel. To arrive at this amount, Defendants multiplied the total hours, which equaled eighty-eight (88), expended by six (6) attorneys during the months of June, July and August by certain hourly rates for each attorney. Despite the fact that this is a trademark infringement case, WDI submits that requiring the work of six (6) attorneys and expending eighty-eight (88) hours to prepare and argue the motion to compel is highly excessive. There is nothing novel and complex related to a standard motion to compel that required the number of attorneys enlisted by Defendants nor the great number of hours expended in its preparation. Based on these sheer numbers alone, WDI maintains that the work

completed by Defendants on the motion to compel was excessive.  *See Canon U.S.A., Inc.*, 2009 WL 35334, *5 (finding billing of 60 hours on a motion for sanctions excessive).

In reviewing the fee statements submitted by Stone Pigman Walther Wittmann L.L.C. ("Stone Pigman"), many of the entries are vague and duplicative.  Many of the time entries for Mr. Michael Q. Walsh ("MQW"), Ms. Lesli D. Harris ("LDH") and Ms. Agnieszka ("AAM") found in Defendants' Exhibit 1-D simply indicate "revise motion to compel".  This entry is often found in the same time entry listing various other tasks for the day's entry, including inter-office conferences and conferences with the lawyers from Kilpatrick Townsend & Stockton, LLP ("Kilpatrick Townsend"), indicating that these time-keepers engaged in block billing, making it difficult to consider the reasonableness of the time spent on preparing the motion to compel.

In reviewing the fee statements submitted by Kilpatrick Townsend, these entries too are vague and duplicative.  The time entries for Mr. Christopher P. Bussert ("CPB"), Mr. James H. Sullivan ("JHS") and Ms. Sabina A. Vayner ("SAV") found in Defendants' Exhibit 2-D provide for "draft motion to compel" and "revise motion to compel."  Like the entries of Stone Pigman, these entries are also listed in the same time entry identifying other tasks for the day's entry, including inter-office conferences and conferences with the lawyers from Stone Pigman, indicating these time-keepers too engaged in block billing.

Finally, a review of all the billing statements submitted by Stone Pigman and Kilpatrick Townsend indicates double/overlapping time entries for work on the motion to compel by all six time keepers.  These multiple and overlapping time entries represents excessive work by the six lawyers tasked with completing the motion to compel and such warrants a significant reduction to something that is reasonable.

### III.     Prayer

Wherefore, Premises Considered, Who Dat?, Inc., respectfully requests the Court not award Defendants' their requested attorneys' fees or alternatively, significantly reduce the amount requested by Defendants to a reasonable amount.


Dated:  September 30, 2011          Respectfully submitted,


/s/Brandon Frank
Brandon Frank
State Bar No. 29577
518 South Rampart Street
New Orleans, LA 70113
(504) 525-0000 - telephone
(225) 802-1499 – direct line
(504) 525-0329 – facsimile
and
Ricardo G. Cedillo
Texas State Bar No. 04043600
Troy A. Glander
Texas State Bar No. 00796634
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry
San Antonio, Texas 78212
(210) 822-6666 – *telephone*
(210) 822-1151 – *facsimile*
rcedillo@lawdcm.com
tglander@lawdcm.com
Pro Hac Vice Motion Pending
**ATTORNEYS FOR PLAINTIFF
WHO DAT?, INC.**

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, September 30th, 2011, I provided a copy of the foregoing document to all counsel of record by regular mail or overnight mail.

/s/Brandon Frank
Brandon Frank