UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHO DAT YAT CHAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1333 c/w** |
| | **10-2296** |
| **WHO DAT, INC.** | **SECTION: "J" (4)** |

# ORDER

Before the Court is **Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's Second Motion to Compel Discovery and for Sanctions (R. Doc. 133)** filed by Defendants/Counterclaim Plaintiffs, NFL Properties, LLC and New Orleans Louisiana Saints, LLC (collectively, the "NFL Parties"), seeking an order from this Court compelling Who Dat?, Inc. ("WDI") to immediately amend or supplement its responses to the NFL Parties' Second Set of Interrogatories Numbers 13, 14, and 15. The NFL Parties further seek sanctions against WDI in the form of attorneys' fees and costs. The motion is opposed. (R. Doc. 145)

## I.    Factual and Procedural Background

Plaintiff, Who Dat Yat Chat, LLC, ("Who Dat Yat Chat") is a limited liability company, established in Louisiana in 2007. (R. Doc. 12-2, p. 1.)  WDI is a New Orleans, Louisiana company

owned by brothers Sal and Steve Monistere. (No. 10-2296, R. Doc. 85, ¶ 1.)[1] On March 11, 2010, while making plans to open a coffee shop in Violet, Louisiana named "Who Dat Yat Chat.", Who Dat Yat Chat received notice from WDI stating that WDI was the sole owner of the phrase "Who Dat" and all derivations thereof. (R. Doc. 12-2, p. 1.) WDI contends that they have owned and used the "Who Dat" trademark, and various deviations thereof, since 1983. (No. 10-2296, R. Doc. 85, ¶ II. 6.)

In response, Who Dat Yat Chat argues that the term "Who Dat" is a generic term that is commonly used in the New Orleans metropolitan area and cannot be owned by anyone. (R. Doc. 12-2, p. 2.) Who Dat Yat Chat further contends that the phrase "Who Dat" is generic and that it has the right to use the phrase "Who Dat Yat Chat" in connection with the naming of its coffee shop. (R. Doc. 12-2, p. 2.) Thus, Who Dat Yat Chat filed a petition for declaratory judgment against WDI in the Civil District Court for the Parish of Orleans, seeking an order declaring that no one owns the phrase "Who Dat" and that Who Dat Yat Chat is allowed to use the phrase "Who Dat Yat Chat" in connection with the naming of its coffee shop and the matter was later removed to this court for resolution. (R. Doc. 12-2, p. 2.)

On March 17, 2011, the NFL Parties served their Second set of Interrogatories on WDI which WDI responded to on April 19, 2011. However NFL Parties contends that several of the written responses and objections were not adequate. As such NFL Parties filed the subject motion seeking to test the sufficiency of the responses. While the parties have discussed the alleged deficiencies, they have been unable to resolve their dispute, consequently NFL Parties now seek

---

[1] Who Dat?, Inc. originally filed suit as the plaintiff in the case, *Who Dat?, Inc. v. NFL Properties, LLC, et. al*, No. 10-2296 (E.D. La. 2010). Subsequently, the action was consolidated with *Who Dat Yat Chat, LLC v. Who Dat?, Inc.,* No. 10-1333 (E.D. La. 2010) in which Who Dat?, Inc., is a defendant.

relief from this court.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for

an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R.Civ.P. 37(a)(4). Federal Rule of Civil Procedure 37 also requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

## III. Analysis

At issue are the alleged inconsistent responses to Interrogatories 13 and 14. Also, at issue is the sufficiency of the response to Interrogatory 15.

### A. Interrogatories 13 and 14

Interrogatory 13 seeks the identity of all third party applications for or registrations or uses of any name or marking with the phrase WHO DAT or any DAT variation initiated in responses to statements made by the Attorney General for the State of Louisiana. In response, WDI stated that it did not have any personal knowledge of the specific applications or registrations but that Fleurty Girl, Monogram Express, Logo Express, Storyville, Who dat Yat Chat and others flooded the market after the statements were made by the Attorney General. WDI later amended its response to indicate that it had personal knowledge of Fleurty Girl's application.

Interrogatory 14 sought the same information as the preceding interrogatory but only as to NFL Party defendants statements. WDI provided the same response for both Interrogatories. NFL parties dispute the accuracy of the response to Interrogatory 14 and now seeks an order requiring

4

WDI to supplement its response.

Specifically, NFL Parties contend that WDI's responses are incongruent because while WDI's responses to Interrogatories 13 and 14 suggest that Fleurty Girl initiated use of the phrases as a result of the Attorney General and NFL Party statements, documents WDI produced during discovery indicate that Fleurty Girl only began using the phrase as a result of a state officials statement. NFL parties therefore seek an explanation from the plaintiff as to why they state that Fleurty Girl engaged in usage of the phrase as a result of its statements rather than the statements of the Attorney General.

WDI opposes the motion but seems to overlook the point of the NFL Parties attempt to compel which seeks a clarification of WDI's response that Fleurty Girl actions were also the result of the statement of NFL parties. Nonetheless, the Court notes that the motion appears on the surface to be an attempt at modifying the actual Interrogatory propounded and based upon the memorandum of the parties is the result of documents produced by WDI which the NFL Parties construe as confirming that the response to Interrogatory 13 is accurate but 14 must not be accurate.

However, the Court finds that the attempt to secure an order from this Court requiring an explanation of an interrogatory which only sought the identification of applications or registrations is not appropriate. The Court agrees with WDI, that the NFL Parties use of the motion practice to secure an explanation for information which was not directly sought by its discovery should not form the basis of a motion. Rather, the NFL Parties should use any of the other tools available in the discovery tool box. The Court finds that the response to Interrogatory 14 is sufficient. The Court further notes that NFL Parties conceded in their motion that the response to Interrogatory 13

5

is accurate and therefore sufficient.[2]

B. <u>Interrogatory 15</u>

NFL Parties also contend that WDI's response to Interrogatory 15 is non responsive. In contrast, WDI contends that it adequately responded to this interrogatory.

Interrogatory 15 seeks the identity of all third party applications or registrations seeking to use the phrase WHO DAT or any DAT variation **other than as a result of statements made by** the Attorney General or the NFL Party defendants. Regarding its response WDI stated that it had no personal knowledge of any specific application or registration, except for use by Fleurty Girl.

WDI points out that the NFL Parties motion seeking to compel a supplementation to the response for Interrogatory 15 should be denied because contrary to the NFL Parties motion, the interrogatory sought whether actions were taken by third parties for "any discernable reasons other than as a result of statements made by....". However, while WDI accurately points to the information sought by the Interrogatory, its response to Interrogatory 15 suggests that supplementation is required because WDI only indicated that it did not have personal knowledge of specific application or registrations made as a result of statements made by the NFL except for Fleurty Girl.

In contrast, the interrogatory, sought information of applications or registrations filed for **reasons other than statements** by the Attorney General or the NFL Parties. The court finds that the amended answer is not responsive. As a result, WDI is required to supplement its response to Interrogatory 15.

---

[2] R. Doc.133-8, P. 5.

C.  **Attorneys fees.**

NFL Parties seek further the award of attorneys fees and costs as a sanction for WDI's failure to supplement appropriately its responses. The Court however, finds that attorneys fees are not warranted in this matter as some of the responses were substantially justified.

**IT IS ORDERED** that the **Defendants/Counterclaim Plaintiffs NFL Properties LLC and New Orleans Louisiana Saints, LLC's Second Motion to Compel Discovery and for Sanctions (R. Doc. 133)** is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS DENIED** to the extent that it seeks a supplementation of the response to Interrogatories 13 and 14.

**IT IS GRANTED** to the extent that it seeks a supplementation of the response to Interrogatory 15. A supplemental response should be forward to the mover no later than fourteen (14) days from the signing of this Order.

**IT IS FURTHER DENIED** to the extent that it seeks the award of sanctions in the form of attorneys fees and costs.

New Orleans, Louisiana, this 28th day of December 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**