UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHO DAT YAT CHAT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1333**<br>**C/W 10-2296** |
| **WHO DAT, INC.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is **Defendants NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion to Fix Attorneys' Fees Previously Awarded (R. Doc. 158)** filed by Defendants/Counterclaim Plaintiffs NFL Properties, LLC and New Orleans Louisiana Saints, L.L.C. (collectively, the "NFL Parties"), seeking an order from this Court granting them $18,410.00 in attorney's fees. The motion is opposed. (R. Doc. 131.) The motion was heard on the briefs on October 12, 2011.

### I.     Factual and Procedural Background

This matter arises out of the alleged trade mark infringement of the "WHO DAT" trademark. Defendant/Counterclaim Plaintiff Who Dat, Inc. ("WDI") contends that it first trademarked the phrase "WHO DAT" in 1983 and has consistently worked to protect the mark. (R. Doc. 41, ¶¶ 31-32, 51.) WDI further contends that in 1988 Defendant/Counterclaim Plaintiff New Orleans Louisiana Saints, L.L.C. ("Saints") filed a registration for the same trademark. (R. Doc. 41, ¶ 54.)

WDI contends that the NFL Parties entered into licensing agreements with Reebok

International, Ltd. to allegedly benefit from the mark's goodwill. (R. Doc. 41, ¶ 66.) WDI further alleges that it was propositioned by the NFL Parties to sell its trademark, which was not successful. (R. Doc. 41, ¶ 69.) Once a dispute over ownership of the mark arose, WDI filed suit against the NFL Parties seeking cancellation of the trademark obtained by the Saints and a permanent injunction. (R. Doc. 41, ¶ 5.) The complaint further alleges alleging breach of contract, tortuous interference with existing contracts, deceptive advertising under Louisiana Law, Trademark Infringement pursuant to the Lanham Act and Louisiana and Florida State Laws, negligence, fraud, and conspiracy. (R. Doc. 41, *Counts*.) WDI seeks damages, interest, attorney's fees and costs. (R. Doc. 41, ¶¶ 186-189.)

During the course of the litigation, the NFL Parties propounded discovery to WDI, and later filed a motion to compel supplementation of WDI's discovery responses. (R. Doc. 113.) The motion was granted, and on September 9, 2011 the undersigned awarded the NFL Parties reasonable attorneys fees. (R. Doc. 120.) In compliance with the Court's Order, the NFL Parties submitted the instant motion to fix their reasonable attorneys fees. WDI opposes the motion.

**II.     Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.     Analysis**

In support of their motion, the NFL Parties contend that their request for $18,410.00 in attorney's fees for one motion to compel was necessitated by WDI's deficient discovery responses. They contend that their attorneys were required to wade through 7,000 pages of documents, which were combined in PDF files rather than separated by document and discovery request, in order to prepare the motion to compel. The NFL Parties further contend that the amount sought represents the number of hours worked by its counsel since June 2011 preparing, serving, and arguing the motion to compel - reduced to account for reasonable local rates as determined by the Court in recent fee determinations.

In opposition, WDI contends that the amount sought by the NFL Parties is excessive because the amount represents eighty-eight hours of work by six attorneys during a three-month period.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

WDI contends that the NFL Parties' allocation of resources toward pursuing and obtaining an order on its motion to compel is highly excessive. Finally, WDI contends that the motion was not complex. Therefore, there was no need to allocate six attorneys to this issue and as such, the amount requested is excessive.

### A.      Calculating a Reasonable Hourly Rate

The first step in calculating the lodestar amount is determining the reasonable hourly rate. In the Fifth Circuit, a reasonable hourly rate is derived by "consider[ing] the attorneys' regular rates as well as prevailing [market] rates." *La. Power & Light Co.*, 50 F.2d at 328.

Here, the NFL Parties seek to recover fees for services provided by attorneys at the law firm of Stone Pigman Walther Wittmann, L.L.C. ("Stone Pigman") in New Orleans, Louisiana and the law firm of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend") in Houston, Texas. Despite the hourly rates normally charged by their attorneys, the NFL Parties seek discounted hourly rates. Specifically, the NFL Parties seek $250.00 per hour for Michael Q. Walshe ("Walshe")[2], who has sixteen years of experience; $200.00 per hour for Lesli D. Harris ("Harris")[3], who has nine years of experience; and $175.00 per hour for Agnieszka A. McPeak ("McPeak")[4], who has four years of experience.

The NFL Parties also seek discounted hourly rates for their attorneys at Kilpatrick Townsend. Specifically, the NFL Parties seek $325.00 per hour for Christopher P. Bussert

---

[2] Walshe's standard hourly rate is $315.00 per hour.

[3] Harris' standard hourly rate is $250.00 per hour.

[4] McPeak's standard hourly rate is $220.00 per hour.

("Bussert")[5], who has twenty-eight years of experience; $200.00 per hour for James H. Sullivan, Jr. ("Sullivan")[6], who has ten years of experience; and $175 per hour for Sabina A. Vayner ("Vayner")[7], who has three years of experience.

In support of their request for an hourly rate of $325.00 for Bussert, the NFL Parties direct this Court to an order issued by Magistrate Judge Wilkinson, *Bd. of Supervisors of La. State Univ. v. Smack Apparel Co.*, No. 04-01593, 2009 WL 927996, at *4-5 (E.D. La. Apr. 2, 2009). In that case, Judge Wilkinson found, *inter alia*, that $325.00 per hour was a reasonable hourly rate for an attorney with ten years of specialized experience in trademark litigation, and for an attorney who had twenty-nine years of experience, but not in the particularized field of intellectual property law. *Id.* at *4. While the NFL Parties seek an hourly rate of $325.00 for Bussert, they request - at a minimum - a rate of $250.00 per hour.

Considering the nature of this matter, and the fact that the other cases cited by the NFL Parties were not trademark infringement cases, the Court finds Judge Wilkinson's order persuasive, and concludes that the hourly rate sought for Bussert is reasonable.

When an attorney's billing rate is not contested, it is *prima facie* reasonable. *La. Power & Light Co.*, 50 F.2d at 328. Here, WDI does not challenge the reasonableness of the rates charged by counsel for the NFL Parties. In fact, most of WDI's opposition is devoted to rearguing the underlying facts of the case without regard to the issue at hand. The Court therefore finds that the hourly rates requested are reasonable.

---

[5] Bussert's standard hourly rate is $575.00 per hour.

[6] Sullivan's standard hourly rate is $400.00 per hour.

[7] Vayner's standard hourly rate is $330 per hour.

## B. Calculating the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 770 (5th Cir.1996) Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, the NFL Parties contend that the time records for the attorneys involved provide concrete and reliable evidence of the reasonable time spent on individual issues. The NFL Parties further contend that the work in this case was allocated to attorneys and other staff judiciously, the ultimate division of labor was efficient, and that their attorneys' time was directed toward drafting, researching, and detailing the motion to compel and supporting materials - excluding clerical or non-legal work. The NFL Parties also contend that they exercised billing judgment before submitting the invoices in connection with the subject motion. The NFL parties argue that because they exercised billing judgment and were successful in their pursuit of the motion, the requested

6

attorney's fees should be granted.

A careful review of the billing records submitted to the Court reveal that Stone Pigman attorney Walshe actually billed 33.20 hours, but seeks fees for 18 hours at a requested rate of $250.00.[8] Harris seeks fees for 8.50 hours at a requested rate of $200.00 per hour, despite billing 10.70 hours.[9] Finally, McPeak seeks fees for 5.5 hours at a requested rate of $175.00.[10] The NFL Parties emphasize that they are not seeking fees for work performed by Stone Pigman's paralegals or other similar litigation professionals. It therefore seeks to recover a minimum of $7,162.50 in fees paid to Stone Pigman.

In addition to the fees paid to local counsel, the NFL Parties also seek to recover fees paid to counsel at Kilpatrick Townsend. A careful review of the billing records submitted to the Court reveal that attorney Bussert actually billed 41.7 hours, but seeks fees for 27.9 hours at a requested rate of $325.00. Sullivan's billing entries reflect 62.8 hours of work, however, he seeks to recover fees for 35.2 hours at a requested rate of $200.00. Finally, Vayner seeks fees for 40.9 hours at a requested rate of $150.00 per hour, despite having worked 60.9 hours. The NFL Parties further emphasize that they have restricted their request for attorney's fees to the period of June 1, 2011 through August 24, 2011.

The NFL Parties do not address why *six attorneys* were assigned to this one motion to compel. The Court finds that the NFL Parties' allocation of attorney resources was duplicative and amounted to an overuse of resources - especially considering the fact that the motion to compel was

---

[8] The fees sought by Walshe total $4,500.00.

[9] The fees sought for Harris total $ 1,700.

[10] The fees sought for McPeak total $ 962.50.

7

not overly complex. When a party chooses to have more than one attorney represent it in a lawsuit, as the NFL Parties have done in this case, the opposing party is not required to pay for duplicative work performed by the attorneys. *See Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D. La. 2008) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). Rather than award the NFL Parties fees for six attorneys on one motion, the Court finds it reasonable to grant the NFL Parties fees for the work performed by their local counsel only, and thus, avoid compensating the NFL Parties for over-duplication of work. As a result, the reasonable amount of attorney's fees awarded for the motion to compel is $7,162.50.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Defendants NFL Properties LLC and New Orleans Louisiana Saints, LLC's Motion to Fix Attorneys' Fees Previously Awarded (R. Doc. 158)** is hereby **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that the NFL Parties are awarded $7,162.50 in attorney's

fees.;

**IT IS FURTHER ORDERED** that WDI shall satisfy its obligation to the NFL Parties no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 19th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**