UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT CHAT, LLC                        CIVIL ACTION

VERSUS                                       NO: 10-1333
                                             c/w 10-2296

WHO DAT, INC.                                SECTION: "J"(4)

## ORDER

Before the Court are Storyville Apparel LLC ("Storyville")'s **Motion for Partial Summary Judgment on Fair Use Defense (Rec. Doc. 342),** Who Dat, Inc. ("WDI")'s opposition to same **(Rec. Doc. 360)**, WDI's **Motion for Partial Summary Judgment on Trademark Protectability and Cross-Motion for Summary Judgment on Fair Use Defense (Rec. Doc. 359),** and Storyville's **Motion for Leave to File Reply** to same **(Rec. Doc. 362)**. Storyville's motion, set for hearing on July 4, 2012, is before the Court on the briefs without oral argument. WDI's motion, set for hearing on July 18, 2012, is before the Court on the briefs without oral argument.

The parties arguments are as follows: Storyville argues that because its use of "Who Dat" on its apparel is (1) descriptive of its product, (2) fair, and (3) in good-faith, it meets all of the elements of the fair use defense. It claims that it is entitled to summary judgment on the issue. Conversely, in its opposition

WDI argues that Storyville fails to fully meet the elements of fair use because the phrase "Who Dat" is not and cannot be descriptive of apparel, is not a fair usage of the phrase, and is not used in good faith. WDI further asserts in its cross-motion that the fair use defense can only be brought in response to a descriptive mark. Therefore, because WDI's mark is not descriptive, Storyville should be precluded from using the fair use defense, and the Court should find that WDI's mark is protectable as a matter of summary judgment.[1]

Having reviewed the motions, the memoranda of counsel, and the applicable law, the Court finds that issues of material fact are present which preclude summary judgment. In response to the parties' arguments, the Court notes that categorizing a mark as (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful, for the purposes of determining trademark protectability and applicable defenses thereto, is a factual issue best suited for determination at trial. See Xtreme Lashes,

---

[1] In support of its argument WDI references a prior Order and Reasons (Rec. Doc. 262) issued by this Court. In that order the Court opined that "[WDI's] marks at issue do not appear to be generic or descriptive." (Rec. Doc. 262, p. 23). The Court notes that neither this statement, nor the statements which follow it regarding the classification of WDI's mark as nondescriptive, were meant to serve as definitive findings on the proper classification of WDI's mark. These statements were meant to illustrate that in the context of a summary judgment challenge to WDI's mark protectability, genuine issues of material fact precluded such a finding. Likewise, those same issues of fact remain and preclude a finding of summary judgment on the issues presently before the Court.

LLC v. Xtended Beauty, Inc., 576 F.3d 221, 227 (5th Cir. 2009)("Any given term's correct classification is a factual issue.")(citations omitted). As such, the Court finds that neither party has met its summary judgment burden of proving that WDI's mark falls into any of these categories, or consequently, that Storyville has, or does not have, a fair use defense in light of such categorization. Accordingly,

**IT IS ORDERED** that Storyville's **Motion for Partial Summary Judgment (Rec. Doc. 342)** should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that WDI's **Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment (Rec. Doc. 359)** should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Storyville's **Motion for Leave to File Reply in Support of Motion for Partial Summary Judgment on Fair Use Defense (Rec. Doc. 362)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 3rd day of July, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE