UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT CHAT, LLC.                CIVIL ACTION

VERSUS                                NO: 10-1333 C/W
                                      10-2296

WHO DAT, INC.                         SECTION: "J" (4)

**ORDER**

Before the Court is Who Dat, Inc. ("WDI")'s **Motion to Exclude Who Dat Yat Chat LLC's Expert Jeff Lorio (Rec. Doc. 428)**. The Court, having considered the motion and memoranda of counsel, the record, and the applicable law, finds that WDI's motion should be **GRANTED**.

Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the trial court must make a preliminary assessment of "whether the expert testimony is both reliable and relevant." Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir. 2004); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). "Reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid." Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 352 (5th Cir. 2007). A number of nonexclusive factors may be relevant to the reliability analysis, including: (1) whether the technique at issue has been tested, (2) whether the technique has been subjected to peer review and

publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. <u>Burleson</u>, 393 F.3d at 584. With respect to the relevancy prong, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." <u>Bocanegra v. Vicmar Servs., Inc.</u>, 320 F.3d 581, 584 (5th Cir. 2003).

In the instant case, the Court finds that the expert report and testimony submitted by Jeff Lorio are not reliable or relevant and, therefore, not admissible. The report and testimony offered by Mr. Lorio are not based on any particular methodology and are not grounded in relevant facts or data. In particular, the Court notes that Mr. Lorio fails to present any facts or data which show that Who Dat Yat Chat, LLC suffered lost profits specifically because it could not open with "Who Dat" as part of its name. Because Mr. Lorio does not address the issue of causation, the Court finds not only that his report and testimony are not reliable, but also that they are not relevant to the questions at issue in this case. Furthermore, Mr. Lorio's background does not demonstrate to the Court that he is qualified to render an opinion on the valuation of lost profits. Accordingly,

**IT IS HEREBY ORDERED** that WDI's **Motion to Exclude Who Dat Yat**

**Chat LLC's Expert Jeff Lorio (Rec. Doc. 428)** is **GRANTED**. Who Dat Yat Chat's expert Jeff Lorio is **EXCLUDED** from testifying.

New Orleans, Louisiana this 17th day of October, 2012.

                                                                _____
                                                                CARL J. BARBIER
                                                                UNITED STATES DISTRICT JUDGE