```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT CHAT, LLC.                          CIVIL ACTION

VERSUS                                          NO: 10-1333 C/W
                                                10-2296

WHO DAT, INC.                                   SECTION: "J" (4)
```

## ORDER

Before the Court are Who Dat Yat Chat LLC ("WDYC")'s **Motion to Strike Assertions by Who Dat, Inc. Alleging WDYC is Defendant (Rec. Doc. 473)**, Who Dat, Inc. ("WDI")'s reply thereto **(Rec. Doc. 488)**, and WDYC's surreply to same **(Rec. Doc. 496)**. WDYC's motion is set for hearing on the briefs without oral argument on October 24, 2012. Also before the Court are WDI's **Motion to Conform or Amend the Pleadings (Rec. Doc. 487)** and WDI's **Motion to Expedite Hearing** on the same **(Rec. Doc. 494)**. WDI's Motion to Conform or Amend is set for hearing on the briefs without oral argument on November 7, 2012. WDYC has not formally submitted an opposition to WDI's Motion to Conform Pleadings; however, its arguments against the motion are fully discussed in WDYC's surreply to its motion to strike. Therefore, as an initial matter, the Court **GRANTS** WDI's **Motion to Expedite (Rec. Doc. 494)**. WDI's Motion to Conform or Amend the Pleadings will be heard on an expedited basis. Furthermore, the Court, having considered the motion and legal memoranda, the record, and the applicable law, finds that WDYC's Motion to Strike

should be **DENIED** and that WDI's Motion to Conform or Amend the Pleadings should be **GRANTED.**

Federal Rule of Civil Procedure 16(b) "governs [the] amendment of pleadings after a scheduling order deadline has expired." S&W Enters., LLC v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). Once a movant has shown good cause to modify the Court's scheduling order, the liberal standard of Rule 15(a) applies to the district court's decision to grant leave to amend the pleadings. Id. Under Rule 15(a), a court should freely grant leave to amend the pleadings when "justice so requires." FED. R. CIV. PROC. 15(a).

In the instant case, WDI has demonstrated good cause to conform and amend the pleadings. In particular, WDI has (1) explained that it failed to add WDYC has a defendant sooner, because it relied on WDYC's answer to WDI's Fourth Amended Complaint; (2) noted that clarifying the record is important because these are central issues in this case; (3) demonstrated that clarification will not prejudice any party because both WDYC and WDI have litigated this suit as if the claims against WDYC had already been asserted; and, (4) shown that an amendment will not warrant a continuance in this instance.

In making this determination, the Court finds it particularly important that on April 11, 2012, WDYC filed an answer to WDI's Fourth Amended Complaint, despite the fact that WDYC was not named

2

as a defendant therein. (Rec. Doc. 275) In its answer, WDYC denied liability on all of WDI's claims and asserted affirmative defenses specific to WDI's trademark infringement and dilution claims. WDYC's answer not only demonstrates that it was put on notice of the claims that WDI had against it but, moreover, that WDYC consented to litigate those claims in this case.

Likewise, on January 18, September 20, and September 21, 2012 WDYC also filed motions for summary judgment against WDI. All of WDYC's motions were in reference to WDI's claims of trademark infringement and/or WDI's related claims for damages against WDYC. (See Rec. Docs. 166, 437, 440) Additionally, on April 2, 2012, WDYC joined in the first Pretrial Order filed with this Court. (Rec. Doc. 260) The Pre-Trial Order specifically stated that, "WDI asserted the following counterclaims against WDYC: federal and state trademark infringement, false designation of origin, federal and state trademark dilution, violation of the Louisiana Unfair Trade Practices Act ("LUPTA") and state unfair competition." (Rec. Doc. 260, p. 9) As such, the Court finds that WDYC will not be prejudiced by allowing WDI to conform and amend its complaint. Not only has WDYC had the opportunity to address WDI's claims against it prior to trial, but, more importantly, WDYC has taken full advantage of those opportunities. Because the parties have already engaged in extensive discovery and litigation with respect to WDI's claims against WDYC, the Court finds that justice requires that

3

WDI's complaint be amended so that it fully conforms with the record in this case. Accordingly,

**IT IS HEREBY ORDERED** that WDYC's **Motion to Strike (Rec. Doc. 473)** is **DENIED** and WDI's **Motion to Conform or Amend the Pleadings (Rec. Doc. 487) is GRANTED.**

**IT IS FURTHER ORDERED** that WDI's complaint in the above-captioned matter is amended to include WDYC as a defendant.

New Orleans, Louisiana this 19th day of October, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE