## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WHO DAT YAT CHAT LLC**                          **CIVIL ACTION**

**VERSUS**                                        **NO: 10-1333**

**WHO DAT? INC.**                                 **SECTION: "J" (4)**

### ORDER

Before the Court is a **Motion to Fix Expenses and Attorney's Fees** (**R. Doc. 394**) filed by

Plaintiff, Who Dat Yat Chat LLC, ("Who Dat") in compliance with the Court's Order (R. Doc. 390),

which granted in part and denied in part Who Dat's Motion to Compel (R. Doc. 372).  The instant

motion is opposed by Defendant, Who Dat, Inc. ("WDI") (R. Doc. 412).  The motion was noticed

for submission on August 29, 2012, and continued until September 5, 2012, at which time it was

heard on the briefs.[1]

**I.      Background**

The facts of the instant dispute are well known to the Court and need not be discussed at

great length here.  Who Dat brought this Lanham Act claim, 15 U.S.C. § 1501 *et seq.*, against WDI.[2]

---

[1]WDI also filed a Motion for Partial Reconsideration of Grant of Attorney's Fees (R. Doc. 402), seeking reconsideration of the Court's Order granting attorney's fees to Plaintiff, Who Dat Yat Chat, LLC ("Who Dat") in compliance with the Court's Order (R. Doc. 390), which granted in part and denied in part Who Dat's Motion to Compel (R. Doc. 372).  However, this motion was terminated upon closure of the case.

[2]The case, originally filed in state court, was duly removed to federal court on May 5, 2010.  (R. Doc. 1-1). The case was closed on October 29, 2012.  (R. Doc. 527).

Therein, Who Dat sought a declaratory judgment that no one owns the phrase "Who Dat"; that the mark is generic; and that it may use the phrase "Who Dat Yat Chat" in connection with a coffee shop it planned to open in 2011.  (R. Doc. 1-1, ¶¶ 6, 8-9).

The petition was filed in response to a cease-and-desist letter Who Dat received from WDI on or about March 11, 2010, in which WDI advised Who Dat that WDI was the owner of United States Federal Trademark Registration No. 2890070, and that WDI was the sole owner of the phrase "Who Dat" and all derivations thereof.  (R. Doc. 1-1, ¶ 3).  WDI contended that they had owned and used the "Who Dat" trademark, and various deviations thereof, since 1983.  (R. Doc. 302, p. 8).[3] The case was closed on October 29, 2012.  (R. Doc. 527).

During the discovery stage of this case, WDI failed to properly respond to Who Dat's discovery requests as to Who Dat's Interrogatory Nos. 1, 3, 8, 9, 10, 11, 12, 13, 14, and 16, and Request for Production Nos. 11, 12, 13, and 16 (R. Doc. 390, p. 23).  As a result, Who Dat filed a Motion to Compel (R. Doc. 372), which was granted in part and denied in part on July 31, 2012 (R. Doc. 390).  The Court awarded Who Dat attorney's fees and costs in connection with R. Doc. 372. (R. Doc. 390, pp. 22-23). Who Dat now seeks attorney's fees of $47,685.00.  (R. Doc. 394, p. 1).

## II.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*.  The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must

---

[3]This was the Fourth Amended Complaint in this case.

then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[4]   The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.   *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).   However, the lodestar should be modified only in exceptional cases.   *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

## III.   Analysis

### A.   Calculating a Reasonable Hourly Rate

The fee application submitted by Who Dat seeks to recover fees for the following attorneys: Darleen Jacobs ("Jacobs") (rate: $350.00/hr.); Hunter Harris ("Harris") (rate: $200.00/hr.); and Melvin Burmaster ("Burmaster") (rate: $150.00/hr.).   Who Dat submits three Declarations in Support of Motion and Memorandum to Fix Attorney Fees Previously Awarded.   These are from Jacobs (R. Doc. 394-3), Burmaster (R. Doc. 394-4), and Harris (R. Doc. 394-5).   WDI does not contest the hourly rates asserted by Who Dat for any of these three attorneys.[5]

In support of Jacobs' rate, her Affidavit states that she is the founder and lead partner of the law firm Jacob, Sarrat, Lovelace & Harris.   (R. Doc. 394-3, p. 1).   She also states that she has 42 years of experience as a litigator.   *Id.*   Jacobs received a B.A. from LSUNO, a J.D. from Loyola Law School, and a Masters in Admiralty Law from Tulane Law School.   *Id.* at 2.   Jacobs does not state when she received any of these degrees, nor when she was admitted to the bar.   Jacobs states that

---

[4]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.   *See Johnson*, 488 F.2d at 717-719.

[5]Although WDI does not contest Who Dat's "attorneys" rates, they only reference Jacobs and Harris in their opposition.   (R. Doc. 412, p. 7).   As noted below, WDI argues that none of Burmaster's hours should be compensated.

she was responsible for the day-to-day management of the case, and directed Harris' and Burmaster's activity; however, it does not state the particulars of her own involvement. *See id.* at 103. Jacobs' rate is $350.00 per hour.

In support of Burmaster's rate, his Affidavit states that he is of counsel to the law firm Jacobs, Sarrat, Lovelace & Harris. (R. Doc. 394-4, p. 1). Burmaster was admitted to the Louisiana bar in 1989. *Id.* at 2. Since his bar admission, Burmaster has worked for a parish counsel, the Louisiana Senate, and as associate counsel for a law firm for the Louisiana Department of Agriculture. *Id.* Burmaster states that he is also involved in private practice litigation on class actions in state and federal court. *Id.* As to the instant motion, Burmaster was responsible for reviewing WDI's discovery responses from Defendant in connection with Who Dat's fourth set of interrogatories and second set of requests for production of documents, as well as performing legal research, drafting and preparing pleadings in connection with the motion to compel, as well as attending the motion hearing. *Id.* at 2. Burmaster's rate is $150.00 per hour. *Id.* at 2-3.

In support of Harris' rate, his Affidavit states that he is a partner of the law firm Jacob, Sarrat, Lovelace & Harris. (R. Doc. 394-5, p. 1). Harris was admitted to "the bar" in 2000, and that since that time he has represented clients in administrative, civil, and criminal matters. *Id.* at 2. Harris has multi-district litigation experience while working at another private law firm on pharmaceutical matters. *Id.* Harris is tasked with day-to-day management of the instant case, and that he has reviewed and prepared responsive pleadings with the assistance of Burmaster. *Id.* at 2. Harris' rate is $200.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*

*v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).  Such a request is reasonable if it falls within the "range" of reasonable fees awarded.  *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).  The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n.11. Where a rate is not contested, it is *prima facie* reasonable.  *Louisiana Power & Light*, 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.*, No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).  However, conclusory testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439 n. 15.

After reviewing the prevailing market rates for legal services in the greater New Orleans area

from the applicable case law, the Court concludes that a rate of $350.00 is reasonable in connection with Jacobs' work on the motion.  *See Yelton v. PHI, Inc.*, Nos. 09-3144, 09-3475, 09-3551, 09-3459, 09-3814, 09-3496, 09-3847, 09-4197, 09-4182, 09-4350, 10-0008, 10-1328, 2012 WL 3441826, at *3, *6 (E.D. La. Aug. 14, 2012) (Roby, M.J.) (finding that hourly rate of $400.00 was reasonable for attorney with 37 years of practice experience who had tried complex litigation cases in 14 states); *Coves of the Highland Community Development District*, No. 09-7251, 2012 WL 174477, at *2-*3 (E.D. La. Jan. 20, 2012) (Roby, M.J.) (citing cases, and finding that notwithstanding deficiency of affidavit which averred "familiarity" with hourly rates in the New Orleans area, rate of $300.00 per hour was reasonable for attorney with 39 years of experience).

Similarly, the Court finds that the rates of $200.00 for Harris is reasonable; the Court notes that given Harris' 12 years of experience, the chosen rate is clearly on the low end of what would be considered a "reasonable" market rate.  *See, e.g.*, *Abel Maritime Investors, LP v. Sea Mar Management, LLC*, No. 08-1700, 2011 WL 2550505, art *4 (E.D. La. June 27, 2011) (Roby, M.J.) (finding that rate of $175.00 per hour was reasonable for attorney with two years of practice experience); *Drs. Le and Mui, Family Medicine v. St .Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-*3 (E.D. La. Dec. 19, 2007) (Roby, M.J.) (finding that hourly rates of $175.00 and $200.00 were reasonable for attorneys who had been practicing for seven and eleven years of experience, respectively).[6]

### B.    Determining the Reasonable Hours Expended

The fee application submitted by Who Dat seeks to recover the following hours for its

---

[6]The Court would also find, based on the case law cited above, that Brumaster's rate of $150.00 per hour is reasonable given his 23 years of practical experience.  However, as noted below consideration of Burmaster's rate is irrelevant after comparing his Affidavit to the date he enrolled in the case.

attorneys: Jacobs (58.80), Harris (69.30), and Burmaster (88.30) (R. Doc. 394-6, p. 6).[7]  In addition to the Affidavits discussed above, Who Dat also provides a listing of billable hours, broken out by attorney and subject matter.  (R. Doc. 394-6).

In opposition, WDI argues that Who Dat's request for 216.40 hours, totaling to $47,685.00 in attorney's fees is unreasonably excessive, given that the award is for a routine motion to compel. (R. Doc. 412, p. 1).  WDI argues that Who Dat seeks recovery for matters not directly related to the motion; for example, the 93.50 hours Who Dat claims as fees for reviewing documents which WDI produced do not pertain to filing of the *motion*, but would have been incurred even if the discovery production had been deemed adequate.  *Id.* at 6.  Similarly, WDI argues that Who Dat requests 14.5 hours for work on the original Motion to Compel which was denied by the Court.  *Id.*  Finally, WDI argues that Who Dat seeks "more than 10.00 hours" for e-mail exchanges prior to the Rule 37 discovery conference, which "fall[s] well beyond the scope of recoverable fees."  *Id.*

Further, WDI claims that Who Dat's hours, even where relevant to the instant motion, are over-inflated and reflect a lack of "billing judgment."  *Id.*  In particular, WDI argues that Who Dat has requested a total of five hours to review an eight-page memorandum, three hours to review a three-page Order, two hours to review a one-page Order, and two hours to review an Order denying as moot a motion for leave to file a supplemental Memorandum.  *Id.* at 6-7.  WDI argues that in contrast to Who Dat's request, a reasonable award of attorney's fees would be six hours: five for Harris, as he primarily handled the discovery matter, and one for Jacobs.  *Id.* at 7.  As WDI does not contest the reasonableness of either Jacobs' or Harris' fees, it argues that a $1,100 total fee award, prior to readjustment, would be warranted.  *Id.*  WDI finally argues that after adjusting the lodestar

---

[7]Who Dat's billing entries were apparently provided in intervals of 1/12 an hour.  The Court converts them to intervals of 1/10 an hour.

to account for the fact that Who Dat prevailed on 52% of the outstanding discovery issues present in the Motion, the total award should be $572.00. *Id.* at 7-8.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Development,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) (finding that a line-by-line is simply an "abbreviated way of performing" a line-by-line analysis).

In this case, Who Dat has unquestionably failed to exercise "billing judgment." It defies belief that Who Dat's attorney spent five hours of work reviewing an 8-page memorandum, or three hours to analyze a three-page Order. Further, "[i]f more than one attorney is involved, the possibility of duplication of effort alone with the proper utilization of time should be scrutinized." *Walker v. United States Department of Housing and Urban Development*, 99 F.3d 761, 768 (1996).

Moreover, the Court notes that Burmaster did not move to enroll as an attorney of record in this case until August 3, 2012. (R. Doc. 392). The Court granted this motion on August 6, 2012. (R. Doc. 396). There is no evidence that Who Dat's motion, affidavits, or billing statements differentiate Burmaster's work before and after he enrolled, nor is there a suggestion that he should be provided with an alternative billing rate for work performed prior to his enrollment. Burmaster fails to explain why he delayed his enrollment in this case. Because all of the billing entries submitted predate August 6, 2012, all of Burmaster's entries must be denied.

The Court now turns to each of Who Dat's entries to determine which ones demonstrate "billing judgment." In so doing, the Court has divided the list of entries into categories, and addresses each category in turn.

### 1.        Preparation of Motion to Compel

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 1 7/12/2012 | Prepare, draft and file Motion to Compel with Attachments: # 1 Memorandum in Support, #2 Affidavit, #3 Notice of Submission; prepare, draft and file EXPARTE/CONSENT MOTION to Expedite *Motion to Compel and for Penalties and Attorney's Fees* with Attachments: # 1 Memorandum in Support, # 2 Proposed Order | 4.5 | 0.7 | 2.0 | 0.4 | 8.0 | 0.0 |
| 2 7/12/2012 | Review and edit Motion to Compel with Attachments: # 1 Memorandum in Support, # 2 Affidavit, # 3 Notice of Submission; review and edit EXPARTE/CONSENT MOTION to Expedite *Motion to Compel and for Penalties and Attorney's Fees* with Attachments: # 1 Memorandum in Support, # 2 Proposed Order | 1.0 | 0.0 | 1.0 | 2.5 | 1.0 | 0.0 |

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 3 7/23/2012 | Review file, prepare and draft memo in response to WDI memo | 2.0 | 0.0 | 9.0 | 0.0 | 12.0 | 0.0 |
| 4 7/24/2012 | Prepare and organize exhibits for memo in response to WDI memo filed on 7/23/2012 | 1.0 | 0.0 | 3.0 | 0.0 | 3.0 | 0.0 |
| 5 7/24/2012 | Finalize and file memo in response to WDI memo filed on 7/23/2012 | 1.0 | 0.0 | 2.0 | 1.0 | 2.0 | 0.0 |
| | **TOTAL** | **9.5** | **0.7** | **17.0** | **3.9** | **26.0** | **0.0** |

The first entry requests a total of 14.5 hours for drafting a motion to compel and supporting memorandum. The motion and its attachments (R. Doc. 366) are 9 pages long. Investigation of the motion and its contents indicate that of the 9 pages, pages 1-2 contain a brief recitation of the facts giving rise to the motion; page 3 contains a signature block and certificate of service; and pages 4-7 are a memorandum of law which contains citations to approximately a half dozen legal authorities. Page 8 contains a Rule 37.1 certificate, and page 9 contains the motion's notice of submission. The "exparte/consent" motion, only five pages in total, is even more simplistic. The Court finds that the requested hours for the entry are excessive. Jacobs is entitled to 0.7 hours, and Harris is entitled to 0.4 hours, for this entry.

For the second entry, the Court finds that the hours requested for these activities are not only excessive, but fail to differentiate between the time expended on the motion to compel and the exparte motion. The motion to compel is 20 pages long. The Court awards Harris 2.5 hours for this discovery motion, and declines to award any time for Jacobs in connection with this entry because the entry is duplicative.

For the third entry, the Court notes that this entry is impermissibly vague, as it pertains to

both "review" of the file as well as steps to "prepare and draft" a memorandum.  As Who Dat has failed to exercise "billing judgment," the Court declines to award any time for this entry.

For the fourth entry, the Court notes that the exhibits were attached manually to Who Dat's submission, and not otherwise described in its motion for attorney's fees.  However, Who Dat provides no further indication as to why the requested hours are reasonable.  Because the Court finds that this entry is impermissibly vague, it declines to award any of the time requested for this entry.

For the fifth entry, the court notes that Who Dat requests five hours of attorney time in connection with "finalizing" a 20-page memorandum.  This entry is excessive, and Who Dat is awarded 1.0 hour for Harris; Jacobs' time is disallowed as duplicative.

In sum, Who Dat is entitled to the following awards for these entries: 0.7 for Jacobs, and 3.9 for Harris.

### 2.    Conferences Regarding Sufficiency of Production; Oral Argument

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 1<br>7/9-12/2012 | Multiple telephone calls to and from Greg Latham re: Motion to Compel | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 2<br>7/9-12/2012 | Receipt and review of nine emails to and from Greg Latham re: Motion to Compel | 1.5 | 0.2 | 1.5 | 0.2 | 0.0 | 0.0 |
| 3<br>7/12/2012 | Receipt and review of multiple emails to and from Greg Latham re: Rule 37 conference | 0.2 | 0.1 | 0.2 | 0.1 | 0.2 | 0.0 |
| 4<br>7/16/2012 | Multiple phone calls and conferences among DMJ and HH and MB re: Motion to Compel | 1.5 | 0.0 | 1.5 | 0.0 | 1.5 | 0.0 |

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 5<br>7/17/2012 | Prepare for and participate in teleconference with Judge Roby and the parties re: Motion to Compel Discovery and Requesting Sanctions and Attorney's Fees, Motion for Expedited Hearing, and deposition scheduling | 1.0 | 0.2 | 0.0 | 0.0 | 0.0 | 0.0 |
| 6<br>7/17/2012 | Multiple phone calls and conferences among DMJ and HH and MB re: teleconference and follow-up work | 2.0 | 0.0 | 0.5 | 0.0 | 0.5 | 0.0 |
| 7<br>7/20/2012 | Receipt and review of four emails to and from Greg Latham re: Motion to Compel | 1.0 | 0.1 | 1.0 | 0.1 | 1.0 | 0.0 |
| 8<br>7/20/2012 | Multiple telephone calls and conferences among counsel DMJ, HH, and MB | 1.0 | 0.0 | 1.0 | 0.0 | 1.0 | 0.0 |
| 9<br>7/25/2012 | Receipt and review of multiple telephone calls and emails from Greg Latham re: hearing on Motion to Compel; scheduling issues | 1.0 | 0.0 | 1.5 | 0.0 | 1.0 | 0.0 |
| 10<br>7/25/2012 | Multiple telephone calls to and from Greg Latham re: scheduling and WDI Motion to Continue | 0.0 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 |
| 11<br>7/25-26/2012 | Multiple conference re: preparation for oral argument re: Motion to Compel | 2.0 | 0.5 | 5.0 | 0.7 | 2.5 | 0.0 |
| 12<br>7/25/2012 | Participate in teleconference with Danielle Davis and Greg Latham; follow-up with co-counsel | 0.0 | 0.3 | 1.0 | 0.3 | 0.0 | 0.0 |
| 13<br>7/25/2012 | Teleconference among WDYC counsel re: teleconference held with Danielle Davis | 0.5 | 0.2 | 0.5 | 0.2 | 0.5 | 0.0 |
| 14<br>7/26/2012 | Prepare for and attend Motion Hearing on 7/26/2012 at 1 pm | 3.0 | 3.0 | 3.0 | 3.0 | 3.0 | 0.0 |
| 15<br>7/26/2012 | Conference with Al Sarrat, HH and MB re: oral argument before Judge Roby | 0.2 | 0.1 | 0.5 | 0.1 | 0.5 | 0.0 |
| 16<br>7/26-27/2012<br>& 7/30/2012 | Multiple conferences and telephone calls among counsel DMJ, HH and MB re: discovery issues | 1.0 | 0.0 | 1.0 | 0.0 | 1.0 | 0.0 |

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| **TOTAL** | | 16.9 | 4.7 | 20.2 | 4.7 | 12.7 | 0.0 |

The first entry requests compensation for "multiple telephone calls" during an unspecified period of time. The entry does not specify which calls took place on which days. Because the entry is impermissibly vague, the Court declines to award any time requested in connection with this entry.

The second entry requests 3.0 hours of attorney time for the "review" of nine emails. Given the common length of emails the Court is dubious as to whether any such "review" would take three hours of time, and Who Dat has pointed to no unusual circumstances which would warrant a longer period. Notably, Who Dat claims below that each attorney spent 0.2 hours to review "multiple" emails; the Court finds that an award of 0.2 hours for Jacobs and 0.2 for Harris is appropriate for this entry.

For the third entry, the Court notes that Who Dat requests a total of 0.6 hours to review emails regarding the Rule 37 conference. This allotment of time for what amounts to a scheduling conference is unreasonable. The Court awards 0.1 hours for Jacobs and Harris, respectively.

The fourth entry states that "multiple phone calls" were made, but does not specify which calls took place on which days. This entry is unreasonably vague, and the Court declines to award any of the time requested for this entry.

For the fifth entry, the Court notes that although Who Dat requests 1.0 hour of attorney time for work on this motion, the Court's minute entry for this proceeding indicates that only 13 minutes elapsed. Moreover, the Court's minute entry indicates that not only the motion, but also several pending depositions, were discussed. The time spent on each particular matter is not specified in

13

the minute entry, and by extension the request is both unreasonable and vague as written. Since the conference did in fact take place, however, the Court awards 0.2 hours to Jacobs for this entry.

The sixth entry states that "multiple phone calls and conferences" were made and conducted, but does not specify what time is attributable to the "teleconference" and the "follow-up work." Therefore, the Court declines to award any of the time requested for this entry.

The seventh entry requests review of "four" emails, which apparently took 3.0 hours of attorney time. Given the common length of emails the Court is dubious as to whether any such "review" would take 3.0 hours of time, and Who Dat has pointed to no unusual circumstances which would justify a longer time expenditure. The Court finds that awarding 0.1 hours to both Jacobs and Harris is appropriate here.

The eighth entry states that "multiple phone calls and conferences" were made and conducted, but does not specify what time is attributable to the "teleconference" and the "follow-up work." Therefore, the Court finds that the entry is vague, and declines to award any of the time requested.

The ninth entry requests 3.5 hours of attorney time for both "multiple telephone calls" and "emails" without specifying which attorneys were involved in which of these actions, even though elsewhere in its motion Who Dat distinguishes between "telephone" and "teleconference." Therefore, the Court finds that the entry is vague, and declines to award any of the time requested.

The tenth entry requests 2.0 hours for "scheduling." Unlike other fee requests in this case, this entry is not unduly vague as it does not conjoin separate activities, nor spans activities performed over several days. However, the request for two hours of fees in connection with scheduling of a discovery motion is clearly excessive, and the motion to "continue" the underlying

14

Motion to Compel is not adequately related to the discovery dispute for which attorney's fees were awarded. The Court declines to award any of the time requested for this entry.

For the eleventh entry, the Court finds that 9.5 hours in preparation for argument on the motion to compel is clearly excessive. Instead, the Court awards 0.5 hours to Jacobs and 0.7 hours to Harris.

The twelfth entry requests 1.0 hour of attorney time for a "teleconference" with the undersigned's law clerk, although it is unclear what the substance of this conference was, or how much time was divided between the conference and the follow-up phone call. Because it is vague, the Court awards 0.3 hours for both Jacobs and Harris for this entry.

The thirteenth entry requests 0.5 hours of attorney time for a teleconference among its counsel in connection with the teleconference held with the undersigned's law clerk. The Court awards Jacobs and Harris 0.2 hours each for this entry.

For the fourteenth entry, the Court notes that its minute entry for the July 26, 2012 hearing shows that Court was held for one hour and nineteen minutes. Therefore, it is reasonable that preparation and attendance of this hearing could have taken the full amount of time requested, and the Court awards this entry to both Jacobs and Harris without modification.

The fifteenth entry is vague, as although the "hearing" was protracted, there is no indication why the "conference" would take this amount of time to complete. The Court awards only 0.1 hours for both Jacobs and Harris.

The sixteenth entry states that "multiple conferences and telephone calls" were made and conducted. Because this entry is vague, the Court declines to award any of the time requested.

In sum, Who Dat is entitled to the following awards for these entries: 4.7 hours for Jacobs,

and 4.7 hours for Harris.

### 3.      Document Review of Discovery Request

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 1<br>7/9/2012 | Receipt and Review of WDI Discovery responses and Production of Documents | 4.5 | 0.5 | 2.0 | 0.5 | 1.0 | 0.0 |
| 2<br>7/10/2012 | Continued- Receipt and review of WDI Discovery responses and Production of Documents | 2.0 | 0.5 | 0.0 | 0.5 | 0.0 | 0.0 |
| 3<br>7/12/2012 | Receipt and review of WDI responses to Fourth Set of Interrogatories and WDI responses to Interrogatory Numbers 11 and 13. | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 0.0 |
| 4<br>7/17/2012 | Document review of WDI documents produced in response to WDYC discovery | 3.0 | 0.5 | 3.0 | 0.5 | 3.0 | 0.0 |
| 5<br>7/18/2012 | Continue document review of WDI documents produced in response to WDYC discovery | 1.0 | 0.5 | 0.5 | 0.5 | 4.0 | 0.0 |
| 6<br>7/20/2012 | Document review: receipt and review of discovery responses from Greg Latham including nearly 6000 (six thousand) pages of documents | 4.0 | 1.0 | 3.5 | 2.5 | 3.5 | 0.0 |
| 7<br>7/20-25/2012 | Continue document review: receipt and review of discovery responses from Greg Latham including nearly 6000 (six thousand) pages of documents | 4.0 | 1.0 | 14.0 | 2.5 | 24.0 | 0.0 |
| **TOTAL** | | **19.5** | **5.0** | **24.0** | **8.0** | **36.5** | **0.0** |

The first and second entries are impermissibly vague, as neither they nor the affidavits or filings adequately specify the amount of discovery evaluated.  Who Dat's underlying motion moved to compel production of its Fourth Set of Interrogatories, Second Set of Requests for Production of Documents, and Fourth Requests for Admissions.  (R. Doc. 372, p. 1).  The Court's Order pertained to only Who Dat's Interrogatories and Requests for Production.  (R. Doc. 390, p. 3).  However, Who

Dat does not explain what "discovery" means in the context of this entry.  The Court declines to award the specific time requested for this entry because it is vague.  Given that discovery was clearly propounded, however, the Court awards a total of 1.0 hour each to both Jacobs and Harris.

The third entry is reasonably specific in its description, as it points to review of WDI's "Fourth Set of Interrogatories," as well as two particular document production requests.  The Court grants 1.0 hour to both Jacobs and Harris in connection with this entry.

The fourth and fifth entries refer to "document review" of "WDYC discovery," which is impermissibly vague.  However, because some discovery was clearly reviewed, the Court awards a total of 1.0 hour each to both Jacobs and Harris for this entry.

The sixth entry and seventh entries are more specific with respect to the scope of the review of documents, although it is not entirely clear as to what the portion of the "receipt and review" of 6,000 documents played in the entire request.  The Court's Order reflected the parties' failure to clarify, as it states that the documents were "purportedly" produced in connection with the discovery requests which were subject to this motion.  (R. Doc. 390, p. 3).  This ambiguity is especially troubling for this entry as Who Dat has requested 42.0 hours of attorney time for its continuing efforts to analyze the 6,000 documents.  As noted above Burmaster is not entitled to any time for his work on this matter, so his 24.0 hours must be struck.  As to the remaining hours, the Court, having no means of differentiating between the time spent by the remaining two attorneys for the documents requested, awards a total of 2.0 hours to Jacobs and a total of 5.0 hours to Harris for this entry.

In sum, Who Dat is entitled to the following awards for these entries: 5.0 hours for Jacobs, and 8.0 hours for Harris.

### 4. Receipt and Review of Filings

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 1<br>7/11/2012 | Review file and notice Discovery conference with Greg Latham for 7/12/2012 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 2<br>7/12/2012 | Receipt and review of RESPONSE/MEMORANDUM in Opposition filed by Who Dat, Inc. | 2.0 | 0.2 | 2.0 | 0.2 | 1.0 | 0.0 |
| 3<br>7/16/2012 | Receipt and review of PACER filings | 0.5 | 0.0 | 0.5 | 0.0 | 0.5 | 0.0 |
| 4<br>7/16/2012 | Receipt and review of Order re: Motion for Expedited Hearing is GRANTED; Motion to Compel Discovery and Requesting Sanctions for Attorney Fees is DENIED | 1.0 | 0.1 | 1.0 | 0.1 | 1.0 | 0.0 |
| 5<br>7/17/2012 | Receipt and review of PACER filings | 0.5 | 0.0 | 0.5 | 0.0 | 0.5 | 0.0 |
| 6<br>7/17/2012 | Receipt and review of Order re: Defendant Who Dat, Inc. shall submit its memoranda in opposition to WDYC's Motion for Expedited Hearing and its Motion to Compel Discovery and Requesting Sanctions and Attorney Fees no later than 3:00 p.m. today. WDI's memorandum in opposition to WDYC's motion to compel shall address the sufficiency of WDIs responses to the specific interrogatories, requests for production of documents, and requests for admission at issue | 2.0 | 0.1 | 0.2 | 0.0 | 0.2 | 0.0 |
| 7<br>7/17/2012 | Receipt and review of Order re: Motion for Leave to File Plaintiff Who Dat Yat Chat LLC's Response Memorandum to the Opposition Memorandum of Who Dat, Inc. IS DENIED AS MOOT. | 1.0 | 0.1 | 0.5 | 0.0 | 0.5 | 0.0 |
| 8<br>7/17/2012 | Receipt and review of RESPONSE/MEMORANDUM in Opposition and Exhibit filed by Who Dat, Inc. | 1.0 | 0.1 | 0.5 | 0.1 | 0.5 | 0.0 |
| 9<br>7/23/2012 | Receipt and review of WDI response memo | 0.5 | 0.1 | 0.5 | 0.1 | 0.5 | 0.0 |

| No./Date | Description | Jacobs | | Harris | | Burmaster | |
|---|---|---|---|---|---|---|---|
| | | *Request* | *Allow* | *Request* | *Allow* | *Request* | *Allow* |
| 10 7/25/2012 | Receipt and review of WDI MOTION to Continue or, in Alternative, to Participate Telephonically for Hearing on Motion to Compel | 0.5 | 0.2 | 0.5 | 0.2 | 0.5 | 0.0 |
| 11 7/26/2012 | Receipt and review of Order re: denying WDI Motion for Permission to Appear Telephonically or, in the Alternative, for Brief Continuance | 0.2 | 0.0 | 0.2 | 0.0 | 0.2 | 0.0 |
| 12 7/26/2012 | Receipt and review of Minute Entry: Motion Hearing held on 7/26/2012 re: Motion to Compel Discovery & request for sanctions & atty fees filed by Who Dat Yat Chat, LLC.  The Court issued an oral ORDER from the bench granting the mtn in part & denying the mtn in part.  The Court further granted WDYCs request for reasonable costs, including attorneys fees.  The Court shall issue written reasons by a separate Order. | 0.2 | 0.1 | 0.2 | 0.1 | 0.2 | 0.0 |
| **TOTAL** | | **10.9** | **1.0** | **6.6** | **0.8** | **5.6** | **0.0** |

The first entry is unclear, as there is no way to ascertain what "review file" means in this context.  Because it is unduly vague, the Court declines to award any portion of the time sought in connection with this entry.

In the second entry, Who Dat requests a total of 5.0 hours for review of a response memorandum which is only nine pages in length and contains citation to two cases as well as Rule 37.  The hours requested are clearly excessive, and the Court awards 0.2 hours for both Jacobs and Harris in connection with their review of the same.

For the third entry, the Court notes that "PACER filings" is far too ambiguous.  Therefore, the Court declines to award any of the time requested for this entry.

For the fourth entry, the Court notes that its Order, for which Who Dat requests 3.0 hours

of attorney time, is three pages long.  *See* (R. Doc. 371).  The hours requested are clearly excessive.

The Court awards 0.1 hours of attorney time for both Jacobs and Harris.

For the fifth entry, the Court notes that "PACER filings" is far too ambiguous.  Finding the entry to be vague, the Court declines to award any of the time requested thereto.

For the sixth entry, the Court notes that this Order is one page long, yet Who Dat requests 2.4 hours of attorney time.  This amount is clearly excessive.  The Court awards 0.1 hours for Jacobs only.

For the seventh entry, the Court notes that this Order is one page long, yet Who Dat requests 2.0 hours of attorney time.  This amount is clearly excessive.  The Court awards 0.1 hours for Jacobs only.

For the eighth entry, the Court notes that the Response/Memorandum is three pages long, yet Who Dat requests 2.0 hours of attorney time.  This amount is clearly excessive.  The Court awards 0.1 hours for both Jacobs and Harris.

For the ninth entry, the Court notes that this "response" is a two-page factual summary, which contains as an exhibit a three-page email.  The hourly request is excessive.  Therefore, the Court awards 0.1 hours for Jacobs and Harris.

For the tenth entry, the Court finds that this entry is excessive, as the motion to compel is only 12 pages long and contains only a routine description of the case's current procedural posture.  Considering that Who Dat also requests substantial outlays of attorney time for communications regarding the motion to continue, the Court awards 0.2 hours to Jacobs and Harris.

For the eleventh entry, Who Dat states that its attorneys collectively spent the better part of an  hour  reviewing  a  Court  Order  whose  full  text  reads:  "IT  IS  ORDERED  that

Defendant/Counterclaim Plaintiff Who Dat, Inc.'s Motion for Permission to Appear Telephonically or, in the Alternative, for Brief Continuance (R. Doc. 387), is DENIED." (formatting altered). The Court does not believe that even 0.1 hours of time would be an adequately conservative estimate of the reasonable time taken in connection with this entry. Therefore, the Court declines to award any of the time requested for this entry.

For the twelfth entry, Who Dat again requested the better part of an hour to read a two-page minute entry. Therefore, the time requested is clearly excessive, and the Court awards 0.1 hours to both Jacobs and Harris.

In sum, Who Dat is entitled to the following awards for these entries: 1.0 hours for Jacobs, and 0.8 hours for Harris.

### 5.    Conclusion

Who Dat is entitled to the following awards of attorney's fees: 11.4 hours for Jacobs at a rate of $350 per hour, for a total of $3,990.00; 17.4 hours for Harris at a rate of $200 per hour, for a total of $3,480.00  Therefore, the total attorney's fees arising in connection with the instant motion is $7,470.00. Since Who Dat did not specify any costs in connection with the instant motion, the Court will not consider the same.[8]

### C.    Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.

---

[8]Who Dat originally requests costs in connection with the motion to compel. (R. Doc. 372-2, p. 4).

*Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

In opposition to the motion, WDI argues that the lodestar should be adjusted on the basis of the results ultimately obtained on the motion. Specifically, Who Dat prevailed on only fourteen of the twenty-seven discovery requests at issue in the motion. (R. Doc. 412, pp. 1-2 & n.2). WDI argues that during the life-span of the underlying motion, Who Dat ignored local rules, failed to meet the requirements of the Federal Rules, and made the discovery requests a "moving target." *Id.* Who Dat does not explicitly respond to this argument.

The plain language of Rule 37 provides that when a party prevails in part on a discovery motion, the Court at its discretion may award reasonable attorney's fees. *See Jackson v. Wilson Welding Service, Inc.*, No. 10-2843, 2011 WL 5024360, at *4 (E.D. La. Oct. 20, 2011) (Roby, M.J.). However, the Court has awarded attorney's fees against parties who prevailed in part on discovery motions, where the opposing party failed to obey the Court's discovery orders related to that motion. *See, e.g.*, *Degersdorff v. Ritz-Carlton Hotel Co., LLC*, No. 11-2301, 2012 WL 6084776, at *2 (E.D. La. Dec. 6, 2012) (Roby, M.J.) (relating case history, where attorney's fees were imposed on party who failed to submit documents for *in camera* review in accordance with oral ruling). Here, WDI was explicitly ordered to appear at oral argument on the motion (R. Doc. 388), yet failed to do so. In these circumstances, awarding attorney's fees only to Who Dat is permissible.

The Court has evaluated the other *Johnson* factors and finds that adjustment of the lodestar is not warranted here  Accordingly, Who Dat is entitled to an award of attorney fees of $7,470.00.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Who Dat Yat Chat LLC's, ("Who Dat") **Motion to Fix**

Expenses and Attorney's Fees (**R. Doc. 394**) is **GRANTED IN PART** and **DENIED IN PART**.

It is **GRANTED** as to an award of attorney's fees in the amount of $7,470.00.

It is **DENIED** as to the award requested by Who Dat.

**IT IS FURTHER ORDERED** that Defendant, Who Dat?, Inc., ("WDI") shall satisfy their

obligation to Who Dat no later than twenty (20) days from this issuance of this Order.

New Orleans, Louisiana, this 15th day of February 2013

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

23