UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT CHAT, LLC.                      CIVIL ACTION

VERSUS                                      NO: 10-1333 C/W
                                            10-2296, 13-280

WHO DAT, INC.                               SECTION: "J" (4)

**ORDER**

Before the Court is Defendant Who Dat, Inc. ("WDI")'s **Motion to Review Magistrate Judge's Order (Rec. Doc. 547)**, Plaintiff Who Dat Yat Chat, LLC ("WDYC")'s opposition thereto **(Rec. Doc. 548)**, WDI's reply to same **(Rec. Doc. 556)**, and WDYC's surreply **(Rec. Doc. 562)**. WDI's motion was set for hearing on March 27, 2013. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that WDI's motion should be **GRANTED**.

A magistrate judge's ruling on a nondispositive motion may be appealed to the district court. Fed. R. Civ. P. 72(a). When objections are raised to such a ruling the district judge must consider them timely and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Id. Under this standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. Untied States Gypsum Co., 333 U.S. 364, 395 (1948).

After reviewing the entire evidence in this case, the Court

finds that the Magistrate Judge erred in awarding WDYC's counsel attorney's fees in her February 15, 2013 Order (Rec. Doc. 546). Specifically, the Court finds that the parties' October 25, 2012 settlement mooted the issue of attorney's fees in this case. See ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 (5th Cir. 1981)("Generally settlement of a dispute between two parties render moot any case between them growing out of that dispute. A Court will find mootness even if the parties remain at odds over the particular issue they are litigating."). In particular, the Court notes that at the time the settlement was entered into, the parties continued to dispute whether the attorney's fees should be awarded. See WDI's Mot. for Recons. re Order on Mot. to Compel Disc. and Req. Sanctions and Att'ys Fees, Rec. Doc. 402; WDYC's Response to Mot. for Recons., Rec. Doc. 408. Nevertheless, in their settlement agreement the parties provided that they intended to "put an end to any controversy . . . and to settle and resolve all disputes between them and terminate, extinguish and release all claims or causes of action against each other . . . ." WDI's Reply, Rec. Doc. 556-2, p. 2. Thus, this Court finds that the issue of attorney's fees that the Magistrate Judge addressed in her February 15, 2013 Order  was moot at the time that the order was issued and, as such, her decision to award WDYC $7,470.00 in attorney's fees was

"clearly erroneous and contrary to law."[1] Accordingly,

IT IS ORDERED that WDI's motion (Rec. Doc. 547) is GRANTED.

IT IS FURTHER ORDERED that the Magistrate Judge's February 15, 2013 Order awarding attorney's fees is REVERSED and WDYC's Motion to Fix Expenses and Attorney's Fees (Rec. Doc. 394)is DENIED.

New Orleans, Louisiana, this 15th day of May, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the parties apparently did not raise this issue before the Magistrate Judge and, accordingly, the Magistrate Judge did not consider whether the issue of attorney's fees was mooted by the parties' settlement in her order.